DAVIES v. FREUND et al.

(Supreme Court, Appellate Division, First Department. October 25, 1912.)

1. MORTGAGES (§ 559*)—FORECLOSURE—DEFICIENCY—PERSONAL JUDGMENT.

Where an interlocutory judgment of foreclosure and sale of real estate provided that, if there was any deficiency, the plaintiff should be entitled to a personal judgment against the obligor upon the bond, but no sale was in fact made, because the property had been sold under the foreclosure of a prior mortgage, which resulted in a deficiency, the plaintiff was entitled to enter a personal judgment for the undisputed deficiency.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592, 1600–1603, 1605–1608; Dec. Dig. § 559.*]

2. MORTGAGES (§ 559*)—FORECLOSURE—DEFICIENCY JUDGMENT—LACHES—ENTRY OF JUDGMENT.

The mere delay in entering a deficiency judgment on foreclosure of a mortgage, in the absence of prejudice to the defendant, or any change in the situation of the parties, will not constitute such laches as to deprive plaintiff of the right to such relief, especially where the time to sue on the evidence of the debt had not expired.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592, 1600–1603, 1605–1608; Dec. Dig. § 559.*]

3. COURTS (§ 99*)—PREVIOUS DECISION AS LAW OF CASE.

An interlocutory judgment of foreclosure and sale, providing that, "if any deficiency should result, said plaintiff should be entitled to a personal judgment against the appellant A. F., the obligor on the bond," from which no appeal was taken, is a conclusive adjudication that he

executed the bond and mortgage, which precludes further litigation on that point, on motion for entry of deficiency judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

Appeal from Special Term, New York County.

Action by Alice Davies against Alfred Freund and another. From an order substituting David Davies, administrator, as plaintiff herein, and directing final judgment in his favor, defendant Freund appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jerome H. Koehler, of New York City, for appellant.

Herman Roth, of New York City, for respondent.

SCOTT, J. On February 25, 1898, Alice Davies, now deceased, recovered an interlocutory judgment of foreclosure and sale affecting real estate in the city of New York. Said judgment contained the usual provision that, if any deficiency should result, said plaintiff should be entitled to a personal judgment against the appellant, Alfred Freund, the obligor upon the bond. No sale was in fact had under said judgment, for the reason that, after the entry thereof, the property was sold under the foreclosure of a prior mortgage, and such sale resulted in a deficiency. Alice Davies died in 1907, and in 1912 the respondent was appointed her administrator. Until the making of the present motion nothing has been done with respect to the enforcement of the judgment. The motion was resisted, partly upon the ground of the laches of respondent and his intestate, and partly upon the ground that appellant now claims, and seeks an opportunity to prove, that he never signed the bond and mortgage. He also insists that the court has no power to award a personal judgment against him, because under the terms of the interlocutory decree such a personal judgment could only follow upon an actual sale, and the ascertainment of the amount of the deficiency, if any, by that means.

[1] This last objection would seem to have been fully met by the case of Frank v. Davis, 135 N. Y. 275, 31 N. E. 1100, 17 L. R. A. 306, where the precise question was decided adversely to the appellant's contention. The contrary view had theretofore prevailed in this department. Loeb v. Willis, 22 Hun, 508; Frank v. Davis, 61 Hun, 496, 16 N. Y. Supp. 369. The Court of Appeals reversed the latter case, and, while it did not in terms mention Loeb v. Willis, it could not have overlooked it, because it was expressly cited and relied upon by the General Term in Frank v. Davis. It would seem, therefore, that the plaintiff is entitled to enter a personal judgment for the undisputed deficiency, unless the appellant or his intestate have in some way forfeited the right.

[2] It is contended on the part of the appellant that the considerable delay in entering the judgment constitutes such laches as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should deprive respondent of the right to now enter judgment.  It is not asserted that the delay has resulted in any prejudice to the appellant, or that the relative situation of the parties had in any way been changed.  Under these circumstances, mere delay is not considered to effectually bar a remedy, especially since the time within which an action might be brought at law upon the bond— a sealed instrument—has not expired.

[3] The appellant's real object appears to be to contest the question whether or not he ever executed the bond and mortgage. That question, however, was necessarily decided against him before the interlocutory judgment was entered, and, as he never appealed from that judgment, it stands as a conclusive adjudication against him that he did execute the bond and mortgage, and would be conclusive against him upon that question, even if the plaintiff was remitted to an action upon the bond.

The order appealed from was right, and should be affirmed, with costs.  All concur.