FIRST NATIONAL BANK OF CRESSON, PA., v. MYRTLE O.
BROWN, single.

162 So. 142.
Division B.
Opinion Filed April 8, 1935.
Rehearing Denied July 2, 1935.

*George M. Bilger, Allen C. Grazier* and *Marshall C. Musser, Jr.,* for Plaintiff in Error;

*William Mahlon Davis* and *B. M. Skelton,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment rendered in a suit based on a foreign judgment.

The defendant's first plea to the original declaration was as follows:

"This defendant says that the purported judgment obtained in the Court of Common Pleas of Cambria County in the State of Pennsylvania, wherein it is alleged that judgment was rendered against this defendant in the sum of Five Thousand and Forty ($5,040.00) Dollars, is void and of no force and effect for the follownig reasons:

"(a)   Because said court did not obtain jurisdiction over this defendant as she was not served with process, did not appear in said cause, and had no opportunity to appear and defend the same.

"(b)   This defendant did not authorize any attorneys to appear for her or to confess judgment therein.

"(c)   This defendant denies that she ever signed the note upon which said judgment was purported to be predicated nor did she authorize anyone to sign same for her, nor did she know that her name had been attached as the maker thereof.

"(d)   Because at the date of the alleged judgment this defendant was a resident of the State of Florida and not of the State of Pennsylvania, nor has she been such resident of the State of Pennsylvania for the past six years, but has resided continuously and had a legal residence and domicile in the County of Pinellas and the State of Florida.

"(e)   Said judgment is void for said reasons, and for the further reason that said judgment was rendered upon

a purported judgment confession by the attorneys for the plaintiff, which was a fraud upon this defendant, as she had never authorized said attorneys to appear for her, or to confess judgment in her name.

"(f) Because at the time and on the date, to-wit: April 4th, 1929, at which said note is alleged to have been signed, sealed and delivered, this defendant was not in the State of Pennsylvania, but was in the County of Pinellas and State of Florida."

Demurrer was interposed and sustained to this plea. We are not called upon to determine the propriety of that order.

Thereafter, amended declaration was filed. In the first count of that declaration after alleging the procuring of the judgment in the Court of Common Pleas in the County of Cambria in the State of Pennsylvania by the plaintiff against the defendant, it is further alleged "which said judgment was duly confessed by attorney appearing for said defendants named, and was duly entered by prothonetary of said court, in strict conformity with the terms of the power of attorney contained in said note, which was the basis of said suit, and was confessed and entered in accordance with the laws of the State of Pennsylvania, and still remains upon the record of said court as a good and valid judgment, against all of the defendants named, including the said Myrtle O. Brown, jointly and severally, under the laws of the State of Pennsylvania." * * *

It was not necessary for plaintiff to include the above quoted allegations in his declaration but having elected to so declare such allegations showed the manner by which it was assumed that the foreign court purported to acquire jurisdiction of the defendant in the original suit and the plaintiff became bound by that allegation. It, therefore,

became a material issue whether or not the court entering the judgment in the foreign jurisdiction had acquired jurisdiction of the defendant and by the means alleged in the declaration.

To this declaration defendant filed four pleas. The fourth plea went out on demurrer and motion to strike. Demurrer and motion to strike were overruled and denied as to third plea. Issue was joined on defendant's first and second pleas to the amended declaration and after the order on demurrer issue was joined on third plea.

Those pleas were as follows:

"First. That the purported judgment obtained in the Court of Common Pleas of Cambria County in the State of Pennsylvania wherein it is alleged that judgment was rendered against this defendant in the sum of Five Thousand and Forty ($5,040.00) Dollars, is void and of no force and effect because said Court did not obtain jurisdiction over this defendant as she was not served with process, did not appear in said cause and had no opportunity to appear and defend same and did not authorize any attorneys to appear for her or to confess judgment therein.

"Second. This defendant denies that she ever signed the note upon which said judgment was purported to be predicated, nor did she authorize anyone to sign same for her, nor did she know that her name had been attached as the maker thereof.

Third. That the record of the purported Pennsylvania judgment shows said judgment was not rendered by a court of general jurisdiction and such record is not competent to be made the basis of an action in this State."

Judgment on the issues so presented was in favor of the defendant.

We think the allegations above quoted from the declaration take this case out of the rule enunciated in the case of Sammis v. Wightman, 31 Fla. 10, 12 Sou. 526, where it was held:

"Where a party sued in one state on judgment obtained against him in a sister state undertakes to question the jurisdiction of the court of the latter state over him, his plea must negative by certain and positive averments, every fact upon which such jurisdiction can be legally predicated. If by any reasonable intendment the facts alleged in the plea can exist, and the court rendering the judgment could still have had jurisdiction, the plea is bad."

But, such allegations bring this case clearly within the rule which was also stated in that case as follows:

"There is but one aspect in which it can be said that the preceding views would not be applicable to the preceding pleas when considered in their relation to the second count of the declaration. Whereas, the copy of the New York judgment filed November 2nd, 1885, with the first count, is not a part of that count, the second count makes the transcript of the New York proceedings filed with it October 28th, 1886, a part of the latter count, by the use of apt words, as follows: 'which is herewith filed as a part hereof, marked exhibit 'A' the Act of 1828, McClelland's Digest, Sec. 30, p. 817, and R. S., Sec. 1057, provides that all bonds, notes, bills of exchange, covenants and accounts, upon which suit may be brought, or a copy thereof, shall be filed with the declaration, and in Hooker v. Gallaher, 6 Fla. 351, it was properly held that a copy of a note which was filed with the declaration without any words purporting to make it a part of the pleading, was not a part thereof, and was not reached by demurrer. Without laying any stress upon the fact that this cause of action is not among those des-

ignated by the statute, we are unable to see that the quoted words of the declaration have not made it a material part of the second count to be considered in judging the pleas, and viewing them as having done so, we think its effect is to limit the scope of the allegation that the New York court 'had jurisdiction of the parties' to an assertion that jurisdiction was obtained by the means shown by such transcript, which was 'by delivering and leaving with the defendant, John S. Sammis, personally, true copies' of the summons and complaint on October 17th, 1879, at the locality stated in the City of New York. Giving it this effect it could not be said that pleas which properly denied such service would not be sufficient; yet, should we admit that any of the above pleas are, under the view just advanced, so far in accord with the established rules of pleading as to make them good against a demurrer, it would be of no benefit to the appellant, since we find that the first of the pleas filed November 17th, 1886, and numbered '3rd' is to the effect that copies of the complaint and summons were not delivered to and left with the intestate, John C. Sammis; which plea the plaintiff took issue on, and this issue standing on trial in Duval Circuit Court, the defendant, or appellant here, had an opportunity to prove that there was no such service as was shown by the transcript; and such issue rendered immaterial, in so far as the second count is concerned, any error there might have been in sustaining the demurrer to the pleas discussed above; and in view of the absence of any bill of exceptions, it is conclusively presumed that the proof sustained the verdict rendered for the plaintiff." Walter v. Florida Savings Bank, 20 Fla. 826."

Now, in this case the allegations as to the manner in which jurisdiction of the defendant was acquired are not

made by reference to an attached exhibit made a part of the declaration but they are contained in the body of the declaration itself.

It is well settled in this and other jurisdictions that where a suit is brought in one state upon a judgment obtained in another state the question of jurisdiction of the tribunal entering the judgment over the person sued is open to inquiry and adjudication in the court where suit was instituted on the foreign judgment. See Sammis v. Wightman, *supra;* Herron v. Passailaigne, 92 Fla. 818, 110 Sou. 539; 15 R. C. L. 945, Sec. 425; 34 C. J. 1138, Sec. 1614; Drake v. Granger, 22 Fla. 348; Carrol v. Gore, 106 Fla. 582, 143 Sou. 633.

In the case of Carrol v. Gore, *supra,* the Court, speaking through Mr. Commissioner Andrews, discussed at length the principles of law which are applicable to the present case and, therefore, it is not needful for us now to repeat what was well stated in that case. The parties chose the issues to be presented by the pleadings. The issues presented by the pleadings appear by the record to have been fairly and fully tried. The verdict is supported by substantial evidence and, therefore, it is our duty to affirm the same.

So ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.