**IRVING TRUST COMPANY, a corporation, v. BENJAMIN KAPLAN**

20 So. (2nd) 351
October 31, 1944
Rehearing denied Nov. 24, 1944

June Term, 1944
Division A

*Edward B. Quinan,* for appellant.
*Daniel Sepler* and *Ward & Ward,* for appellee.

CHAPMAN, J.:

The facts involved in this controversy are substantially viz: On January 13, 1928, the Paklan Holding Corporation executed and delivered its bond and mortgage to the Lawyers Title & Guaranty Company for the sum of $350,000.00, due

and payable on or before January 13, 1929. The security pledged for the payment of the mortgage consisted of real estate located in the Borough of the Bronx, County of Bronx, City and State of New York. Located on the real estate when the mortgage was executed and delivered was an office building. On July 10, 1928, the bond and mortgage were transferred and assigned to the Union Guarantee & Mortgage Company.

On July 10, 1928, Benjamin Kaplan executed and delivered a collateral bond to the Union Guarantee & Mortgage Company and the terms thereof acknowledged himself bound, as obligor, unto the Union Guarantee & Mortgage Company in the sum of $345,000.00. The consideration of the collateral bond was the advancement of the further or additional sum of $70,000.00 to the Paklan Holding Corporation under the mortgage and gave as security the office building and real estate described in the mortgage *supra*. The time of payment of the mortgage indebtedness was likewise extended, conditionally, upon the payment of accrued interest from time to time, from January 13, 1929, until January 1, 1935. The extension of time of payment agreement was given by the mortgagee at the special instance and request of Benjamin Kaplan, President of Paklan Holding Corporation. The bonds and mortgage were transferred and assigned to the Irving Trust Company on June 25, 1930.

Defaults in the payment of installments of interest and taxes resulted in the holder of the bonds and mortgage declaring the entire principal and interest due and payable. Benjamin Kaplan failed and refused to comply with the terms of his collateral bond by paying the sum of $330,000.00, principal, with accrued interest. Honorable S. A. Cottillo, Justice of the Supreme Court of the State of New York, in his opinion directing the entry of a decree of foreclosure, in part, said:

"5. That if the proceeds of the sale be insufficient to pay the amount due to the plaintiff with interest and costs as aforesaid, the Referee shall specify the amount of such deficiency in his report of sale, and the plaintiff upon confirmation of the Referee's report of sale, or within the time limited

by statute, may make application to this Court in accordance with the provisions of Section 1083-A of the Civil Practice Act, to have judgment against the defendants, Bennan Holding Corporation and Benjamin Kaplan for the amount of any deficiency remaining after the sale of the mortgaged premises and the application of the proceeds in the manner prescribed by statute."

The decree of foreclosure, in part, recited:

". . . that all of the defendants have been duly served with the summons and complaint or have appeared herein, that the time of all of said defendants to answer or make any motion with respect to the complaint has expired and has not been extended either by stipulation or by order of this Court, and that no answer has been filed or motion made with respect to the complaint by any defendant herein except that the defendant Benjamin Kaplan duly filed his answer herein denying any liability upon a certain collateral bond executed by him and set forth in the complaint and upon the decision of the Honorable Salvatore A. Cotillo, dated the 18 day of February, 1935, and filed in the office of the Clerk of the County of Bronx on the the 18 day of February 1935, containing a statement of the facts found and the conclusions of law thereon and directing judgment as hereinafter set forth."

". . . and it is further Ordered, Adjudged and Decreed that said referee shall make a report of such sale and file it with the Clerk of the County of Bronx with all convenient speed and that the purchaser or purchasers at such sale be let into possession and placed on record deed or deeds and if the proceeds of such sale be insufficient to pay the amount reported to be due to the plaintiff with interest and costs as aforesaid, the referee shall specify the amount of such deficiency in his report of sale, and the plaintiff upon confirmation of the referee's report of sale or within the time limited by statute, may apply to this Court in accordance with the provisions of Section 1083A of the Civil Practice Act, to have judgment against the defendant, Benann Holding Corporation, and Benjamin Kaplan, . . ."

We are not clearly informed by the record of the steps or

details of the litigation between the parties to this cause in the courts of the State of New York between February 18, 1935, when the final decree was entered, and March 31, 1941, when the deficiency judgment was entered. The opinion of the Court on which the deficiency judgment is based recites litigation between the parties and indicates that the deficiency judgment was entered under Section 1083A of the Civil Practice Act of the State of New York.

The language following indicates such a ruling:

". . . and a cross appeal having been taken to this Court by the plaintiff from so much of said order as fixes the fair and reasonable market value of the mortgaged premises as of the date of sale at the sum of $300,000 and directs the entry of a deficiency judgment in favor of the plaintiff and against the defendant Benann Holding Corporation and the defendant Benjamin Kaplan upon the basis of the aforesaid evaluation in the amount of $93,679.27 and interest; . . ."

. . . "Ordered (one of the justices dissenting) that the Clerk of the County of Bronx be and he hereby is directed to enter a deficiency judgment in this action in favor of the plaintiff, whose address is No. One Wall Street, New York City, and against the defendants Benann Holding Corporation, a New York Corporation, having its principal office at 1910 Arthur Avenue, Burough of Bronx, City of New York, and Benjamin Kaplan, whose address is Miami Beach, Florida, in the sum of $43,679.27, with interest from the 2nd day of April, 1935, the date of sale of the mortgaged premises, to the date of entry of the order appealed from, March 16, 1938, making in all the sum of $51,426.69, and it is further . . ."

The report of the referee was filed April 12, 1935, and likewise a motion for the entry of a deficiency judgment against Benann Holding Corporation and Benjamin Kaplan. The Court appointed Stanley L. Richler, Esq., as referee to take proof and report his opinion as to the fair and reasonable market value of the mortgaged premises as of April 12, 1935. Pursuant to the order a report was filed November 15, 1937, in which the referee fixed the value of the mortgaged premises on date of sale at the sum of $400,000.00. On

motion to confirm the report of the referee the same was by the Court set aside and the market value of the mortgaged premises as of date of sale was fixed by the Court order at the sum of $300,000.00, and a deficiency judgment entered against Benann Holding Corporation and Benjamin Kaplan in the sum of $93,679.27. On appeal this decision was modified whereby the value of the mortgaged premises was fixed at the sum of $350,000.00. The appellate Division of the Supreme Court of New York on March 20, 1941, directed the entry by the lower court of a deficiency judgment against Benann Holding Corporation and Benjamin Kaplan in the sum of $51,426.69, which was done under date of March 31, 1941.

Benjamin Kaplan transferred his place of residence from New York City to Miami Beach and on October 16, 1942, suit on the deficiency judgment dated March 31, 1941, *supra,* was instituted against him in the Circuit Court of Dade County, Florida. The declaration was in approved form and a copy of the deficiency judgment was attached and by appropriate allegations made a part thereof. Kaplan's third plea to the declaration in effect recited; that he was a collateral endorser on the bond secured by the mortgage; in the foreclosure action by answer he set up that he was released on said bond and on February 18, 1935, the court entered its final decree of foreclosure and this was the final decree in the controversy and the deficiency judgment dated March 31, 1941, was not a final judgment but only a step in the cause incidental to an adjudication of the legal liability of Kaplan on the final decree of foreclosure dated February 18, 1935; that seven years had elapsed since February 18, 1935, and prior to the institution of the suit and during said period of seven years Kaplan had resided in the State of Florida, and plaintiff's action was therefore barred by the statute of limitations.

The trial court overruled a demurrer of the plaintiff below directed to defendant's plea, *supra,* when a replication was filed in which it was set out that the final decree of foreclosure dated February 18, 1935, under the law of the State of New York, was not such a final decree sufficient in law to start the running of the seven years statute of limitations under

the law of Florida. See Sub-Section (2) of Section 95.11, Fla. Stats. 1941 (F.S.A.). This replication of the plaintiff was stricken but the issues made by the declaration, defendant's third plea and replications two and three thereto were submitted to a jury.

Plaintiff below introduced into evidence Sections 1083 and 1083A of the Civil Practice Act of New York and several applicable decisions of the Courts of the State of New York. Attorney Isaac Joffe, having previously practiced law in the State of New York, was sworn for the plaintiff below and testified that the deficiency judgment dated March 31, 1941, was a final judgment and the final decree dated February 18, 1935 was not a final judgment. Defendant below offered in evidence the final decree dated February 18, 1935, and the deficiency judgment dated March 31, 1941, and proved that Benjamin Kaplan had resided in Florida for seven years prior to the institution of the case at bar. The taking of testimony having been concluded counsel for the respective parties moved the court for a directed verdict. It was granted as to defendant and denied as to plaintiff and from a final judgment for defendant below an appeal here has been perfected.

It is established that a judgment rendered by a court of one State, duly authenticated as by law provided, is, under the full faith and credit clause of the Constitution of the United States, entitled, in the courts of another state of the Union, to the force and effect, and full faith and credit, such as it has by law or usage in the courts of the state where the adjudication was had. See Roche v. McDonald, 275 U. S. 449, 72 L. Ed. 365, 48 S. Ct. 142, 53 A.L.R. 1141. Additional and similar authorities cited appear at page 143 of Vol. 31 Am. Jur. A judgment must be final, and not interlocutory, to support the maintenance of an action thereon. A final judgment has been defined as one which determines and disposes of the whole merits of the cause before the Court by declaring that the plaintiff either is or is not entitled to recover by the remedy chosen or completely and finally disposes of a branch of the cause which may be separate and distinct from other parts thereof. See Lewisburg Bank v. Sheffey, 140

U. S. 445, 35 L. Ed. 493, 11 S. Ct. 775; Grant v. Phoenix Mutual Life Ins. Co., 106 U. S. 429, 27 L. Ed. 237, 1 S. Ct. 414.

The issues adjudicated generally are put at rest by the judgment entered. The rule is well expressed in 31 Am. Jur. 145-6, par. 535, viz:

"Conclusiveness.—Under the full faith and credit clause of the Constitution of the United States, a judgment rendered by a court of one state is, in the courts of another state of the . Union, binding and conclusive as to the merits adjudicated. It is improper to permit an alteration of re-examination of the judgment, or of the grounds on which it is based. The general rule is that if it has locally the faith and credit of evidence of the highest nature, that is to say conclusive evidence, it must have the same faith and credit in every other court, and in this respect it has been declared that where a defendant has had full notice, the judgment is presumed to be conclusive in the state of its rendition. However, if a judgment is not conclusive in the state of its rendition, it is equally inconclusive in another state."

Several questions based on the record are posed here for adjudication, but in the last analysis a decision of this controversy must be determined by the applicable law of the State of New York. If the judgment or decree of the New York court dated January 18, 1935, is *final,* then the judgment appealed from must be affirmed because the suit at bar was not brought within seven years as provided for by Subsection 2 of Section 95.11, Fla. Stats. 1941 (F.S.A.). If the judgment sued upon dated March 31, 1941, is *final,* then the seven year statute of limitations is inapplicable and a reversal of the judgment of the lower court necessarily follows.

There was offered in evidence below the judgments of the New York Court dated February 18, 1935, and the one sued upon dated March 18, 1941; likewise Sections 1083 and 1083A of the Civil Practice Act of the State of New York and many recent decisions of the highest court of that State construing or interpreting these pertinent statutes. Attorney Joffe, of the New York and Florida bars, was qualified as an expert on the law of the State of New York and testified that the

New York judgment dated March 31, 1941 was a final judgment but that the one dated February 18, 1935, was not final.

In the case of Syracuse Trust Co. v. Corey, et al., under date of April 26, 1938, reported in 4 N. Y. S. (2nd) 349 (text page 354), 167 Misc. 506, the New York Court distinguished between final and interlocutory decrees when it, in part, said:

". . . When we used the words 'final' and 'interlocutory' in reference to a decree, care should be exercised, because a mere declaration that something that really is interlocutory is final does not make it final, and does not make that which is not interlocutory interlocutory. A decree of foreclosure is final, in so far as it determines the rights of the parties, and as to who, if ony one, is liable for any deficiency. It is interlocutory, of course, in that it directs a sale of the mortgaged property; it is final in that it directs a deficiency judgment in case the proceeds of the sale are inadequate to pay the amount due upon the mortgage. It, of course, is interlocutory in so far as the amount of any deficiency judgment is dependent upon the report of the referee. The almost immemorial practice has been to file the report of sale within a definite period of time, and, after the lapse of such time apply for a confirmation of the sale, which, in the absence of objections filed, followed almost as a matter of course.

The Supreme Court of the State of New York in its opinion filed May 3, 1934, in Weisel v. Hagdahl, 241 App. Div. 314, 271 N.Y.S. 629, considered and commented on Sections 1083A and 1083B of the Civil Practice Act. The purpose of the Sections of the Act was to prevent exaggerated deficiency judgments in mortgage foreclosure. The act prohibited the entry of deficiency judgments where mortgaged property is sold during the emergency. The motion to enter a deficiency judgment shall be made simultaneously with presentation of report of sale for confirmation. If no motion for deficiency judgment is made none can be entered. If a motion for a deficiency judgment is made when a confirmation order is sought or within ninety days after the sale, the court shall determine the fair and reasonable market value of the mortgaged premises and direct the entry of a deficiency judgment. The deficiency judgment shal be for the total amount owing,

less the market value as determined by the court or the sale price of the property—whichever shall be the higher. This rule was applied to the facts involved in Syracuse Trust Co. v. Corey, *supra.*

The case of Klinke v. Samuels, 264 N. Y. 144, 190 N. E. 324, is a New York foreclose case involving a guarantor contingent liable for the entire mortgage indebtedness. This guarantor was held liable for the original mortgage indebtedness. If the defendant guarantor should pay the entire mortgage indebtedness, although subrogated to all the mortgagee's rights, he could not recover from the mortgagor by foreclosure or on the bond a sum in the form of a deficiency judgment, more or greater than that provided for by Section 1083A, *supra.*

The construction of Sections 1083A and 1083B of the Civil Practice Act is declaratory of the early applicable law in the State of New York. In the case of French v. French, 107 App. Div. 110, 94 N.Y.S. 1026, it was held that the judgment and sale in an action of foreclosure is final, in that it determines the rights of the parties and adjudges the sale of the mortgaged premises. The form of the judgment, however, forecasts something else to be done. If there is a deficiency, and a defendant is liable therefor, the fact of his liability has been determined, but the amount with which he is to be charged is postponed to another date, awaiting another event —the sale of the premises. When the report of the sale has been filed and the clerical docketing of the judgment is entered, it then for the first time becomes a money judgment, and consequently a lien upon the real estate of the judgment debtor. See Amhert Bank v. Zent, 157 Misc. 145, 283 N.Y.S. 726; City Bank-Farmers Tr. Co. v. Arlea Corp., 267 N.Y. 224, 196 N.E. 34; Davies v. Freund, 152 App. Div. 819, 137 N.Y.S. 735; Barnard v. Onderdonk, 98 N. Y. App. 158, 53 Sickels 158, 62 N.Y.S. 438.

It was held in Metropolitan Life Ins. Co. v. Alredspreat Realty Corp., 165 Misc. 74, 300 N.Y.S. 288, that a judgment of foreclosure and sale and the entry of a deficiency judgment under the provisions of Section 1083A, *supra,* assumed the double aspect of *in rem* and *in personam* proceedings. The

deficiency judgment concluded the entire litigation and was therefore final. See Wiltsie on Mortgage Foreclosure, Vol. 3, (5th Ed.) 1549-62, pars. 980-89. The judgment appealed from is hereby reversed with directions for further proceedings in the lower court not inconsistent with the views herein expressed.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.