107 So.2d 773 (1958)
Herman D. MILLIGAN, Appellant,
v.
Irene Wells WILSON, Appellee.
No. 743.
District Court of Appeal of Florida. Second District.
December 17, 1958.
*774 Oxford & Oxford, Lakeland, for appellant.
Tittsworth & Tittsworth, Tampa, for appellee.
KANNER, Chief Judge.
The action involved is founded on a foreign judgment. The appeal is from an order dismissing the complaint.
The complaint is simple in its allegations. Essentially, the averments are that on a certain date, appellant as plaintiff in a certain cause against appellee and another as defendants in the circuit court for the County of Accomac, State of Virginia, recovered judgment in the sum of $22,500 and costs, with interest allowed from the date of the judgment, and that the judgment has not been satisfied. A copy of the judgment is attached to and made a part of the complaint.
The motion to dismiss is that the complaint (1) failed to allege that the appellee-defendant was at the time the cause of action accrued a non-resident of the State of Virginia, and that the record shows the only process issued against her as defendant was as a non-resident of the State of Virginia and that the appellee-defendant did not appear in the cause; and (2) failed to allege that the employee of the appellee-defendant, driver of the automobile at the time of the injuries complained of, was acting within the scope of his alleged employment or agency.
The foreign judgment recovered resulted from an automobile accident in the State of Virginia, and process and the method of its service was based on a Virginia statute, Code 1950, § 8-67.1 et seq. This statute, somewhat similar to ours in Florida, authorizes process and service on non-residents using Virginia roads, this to be accomplished by serving a designated official and by serving defendants by a prescribed method with copies of such process.
Appellee asserts and argues under the grounds of his motion that the Virginia court had jurisdiction neither of the subject matter of the suit nor of the person of the appellee-defendant, and that it was because of this want of jurisdiction that the trial court dismissed the complaint.
An action may be predicated on a foreign judgment under the authority of the full faith and credit clause of the Federal constitution. Irving Trust Co. v. Kaplan, 1944, 155 Fla. 120, 20 So.2d 351; Workingmens Co-operative Bank v. Wallace, 1942, 151 Fla. 329, 9 So.2d 731. Such an action is considered as a new and independent *775 action and is not regarded as the same cause as the original action on which the judgment was recovered. Crane v. Nuta, 1946, 157 Fla. 613, 26 So.2d 670. Where an action is instituted in one state on a judgment recovered in another, the question of the jurisdiction of the court rendering the judgment over the subject matter and over the person sued is open to challenge and adjudication in the latter court. However, the validity of the judgment is generally determined by the law of the state of its rendition. See Gilman v. Morgan, 1947, 158 Fla. 605, 29 So.2d 372, certiorari dismissed 331 U.S. 796, 67 S.Ct. 1740, 91 L.Ed. 1822; First Nat. Bank of Cresson, Pa. v. Brown, 1935, 119 Fla. 761, 162 So. 142; and Irving Trust Co. v. Kaplan, 1944, 155 Fla. 120, 20 So.2d 351.
In Florida, in a pleading where recovery is sought based on a judgment rendered through the judicial forum of a foreign court, it is sufficient to aver the judgment without setting forth matter showing jurisdiction of that court to render it. See 30 F.S.A., Rule 1.9(e), Florida Rules of Civil Procedure. Thus we see that when an action is brought on a foreign judgment, it is not required to allege more than the actual judgment. Lack of jurisdiction of the foreign court either over the subject matter or the person is a defense and should be presented and invoked through an answer. There is the qualification, however, if a plaintiff avers in his complaint the jurisdictional facts upon which the foreign judgment was obtained, then the sufficiency of the allegations on this jurisdictional phase may be tested by a motion to dismiss. Pacific Mills v. Hillman Garment, Fla. 1956, 87 So.2d 599.
The substance of the complaint has been stated. There was no attempt to allege jurisdictional facts concerning rendition of the foreign judgment. Even a cursory examination of the complaint establishes that its allegations substantially conform to the stated rule of civil procedure. Our view is that the complaint is adequate to withstand the motion to dismiss. The judgment is reversed with direction that the cause proceed in conformity with this opinion.
Reversed.
ALLEN and SHANNON, JJ., concur.