ALLEN, Chief Judge.
The appellant obtained a judgment in Virginia against the appellee and another for damages arising out of an automobile accident in Virginia. The appellant, as plaintiff in the lower court, filed suit on the judgment with a copy of the judgment attached to and made a part of the complaint. The defendant filed a motion to dismiss on the grounds that the complaint failed to allege defendant was a non-resident of the State of Virginia at the time the cause of action accrued, and that the record shows the only process issued against her as defendant was as a non-resident of the State of Virginia; that the defendant did not appear in the cause; and that the complaint failed to allege that the employee of the defendant, driver of the automobile at the time of the accident complained of, was acting within the scope of his alleged employment or agency.
The court granted the motion to dismiss and the plaintiff appealed to this court. In an opinion by Judge Kanner, reported as Milligan v. Wilson, Fla.App.1958, 107 So.2d 773, this court reversed and held that the matters presented in the motion to dismiss were defensive matters relating to jurisdiction which should properly be presented and invoked in this instance through an answer.
Upon remand of the cause the defendant presented the defense of lack of jurisdiction of the Virginia Court in her answer supported by various documents from the Virginia proceeding, and moved for summary judgment. The plaintiff also moved for summary judgment supported by an affidavit of counsel, and a petition by defendant to be made a free dealer showing that the defendant lived at the residence in Tampa at the time the service by registered mail had been attempted in the Virginia proceeding. The court then entered summary judgment for defendant on the ground that there was no .allegation in the *645 Virginia proceeding that the defendant was a non-resident at the time the cause of action accrued. This appeal has been taken by plaintiff from the summary judgment and the issue presented is whether the Virginia court has jurisdiction of the subject matter and the persons involved. The defendant, of course, contends that the Virginia court had jurisdiction neither of the subject matter of the suit nor of the person of the defendant and that it was because of this want of jurisdiction that the trial court entered summary judgment in favor of defendant.
It is fundamental that an action may be predicated on a foreign judgment under the authority of the full faith and credit clause of the Federal Constitution, art. 4, § 1. Irving Trust Co. v. Kaplan, 1944, 155 Fla. 120, 20 So.2d 351. As was clearly stated in our prior opinion in this cause, 107 So.2d 773, 775 :
“ * * * Where an action is instituted in one state on a judgment recovered in another, the question of the jurisdiction of the court rendering the judgment over the subject matter and over the person sued is open to challenge and adjudication in the latter court. However, the validity of the judgment is generally determined by the law of the state of its rendition. See Gilman v. Morgan, 1947, 158 Fla. 605, 29 So.2d 372, certiorari dismissed 331 U.S. 796, 67 S.Ct. 1740, 91 L.Ed. 1822; First Nat. Bank of Cresson, Pa. v. Brown, 1935, 119 Fla. 761, 162 So. 142; and Irving Trust Co. v. Kaplan, 1944, 155 Fla. 120, 20 So.2d 351.” (Emphasis added.)
The foreign judgment recovered by plaintiff resulted from an automobile accident in the State of Virginia, and process and the method of its service was based on a Virginia statute, Code 1950, sec. 8-67.1. This statute is similar to ours in Florida and authorizes process and service on non-residents using Virginia roads by the following procedure:
“The term ‘nonresident’ includes any person who though resident when the motor vehicle accident or collision occurred, has been continuously outside the State for at least sixty days next preceding the day on which notice or process is left with the Commissioner. (1932, p. 630; 1934, p. 392; 1938, p. 32; Michie Code, 1942, § 2154(70); 1948, p. 516; Michie Suppl.1948, § 2154 (70a); 1950, p. 620; 1952, c. 681; 1956, c. 64.)
“8-67.2 How service on Commissioner made.- — Service of such process or notice shall be made by leaving a copy of the process or notice, together with a fee of three dollars, plus one dollar additional for each defendant over one to be thus served, in the hands of the Commissioner of Motor Vehicles or in his office in the city of Richmond, Virginia, and such service shall be sufficient upon the nonresident, provided that notice of such service and a copy of the process or notice are forthwith sent by registered mail, with registered delivery receipt requested, by the Commissioner of Motor Vehicles to the defendant or defendants and an affidavit of compliance herewith by the Commissioner, or some one designated by him for that purpose and having knowledge of such compliance * * *.
“The mailing required by this section shall be to the last known post office of the defendant or defendants but if there is left with the Commissioner, along with the notice of process an affidavit of the plaintiff that he does not know and is unable to ascertain any post office of the defendant or defendants, service of the notice or process shall be valid without the mailing otherwise required by this section. (1932, p. 631; 1934, p. 392; 1938, p. 32; Michie Code, 1942, § 2154(70); 1948, p. 516; Michie Suppl. 1948, § 2154(70a); 1954, c. 333.)”
An attempt has been made through our own research to ascertain the construction placed on the above statute by the courts *646 of Virginia in order to determine if the failure to allege that defendant was a nonresident at the time the cause of action accrued is fatal to the jurisdiction of the Virginia court. The law of Florida is clear as of 1944 on this point, for the court in Red Top Cab & Baggage Co. for Use and Benefit of Fountaine et al. v. Holt et al., 1944, 154 Fla. 77, 16 So.2d 649, stated in regard to our non-resident statute, sec. 47.-30:
“The statute rests upon the principle of agency and the relationship exists only where defendant is a nonresident. It is, therefore, indispensable that the record show the nonresident status at the time the cause of action accrues.”
Section 47.29 as it existed in the Red Top case, supra, provided:
“47.29 Service of process upon nonresident motor vehicle owners, etc. The acceptance by a person, who is a resident of any other state or country, of the privilege extended by law to non-resident owners of driving or operating a motor vehicle, or of having the same driven or operated, or permitting the same to be driven or operated in the State of Florida, as evidenced by the operation by himself, his servant, employee or agent, of a motor vehicle in the State of Florida, or the operation by such a person, by himself, his servant, employee, or agent, of a motor vehicle in the State of Florida, shall be deemed equivalent to an appointment by him of the secretary of state of the State of Florida as his agent upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which such person, his servant, employee or agent, may be involved, while operating a motor vehicle in the State of Florida, and said acceptance or operation shall be signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally.” (Emphasis added.)
In Findley v. Lanasa, 5 Cir., 1960, 276 F.2d 907, a personal injury action was brought against a non-resident of Florida. Service was effected under the provisions of sections 47.29 and 47.30, Florida Statutes, 1953, F.S.A., which had been amended to provide in Section 47.29:
“(1) Any nonresident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, or permitting any motor vehicle owned, or leased, or controlled by them to be operated with their knowledge, permission, acquiescence or consent, within the state of Florida, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle, either in person, or by or through his, her, or its servants, agent, or employee, or by person with his, her or its knowledge, acquiescence and consent, within the state of Florida make and constitute the secretary of state of Florida, his, her, its or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Florida against such operator or owner, lessee or other person entitled to control of such motor vehicle, arising out of or by reason of any accident, or collision occurring within the state in which such motor vehicle is involved.” (Emphasis added.)
The complaint in the Findley case alleged that at the time of the suit the defendant was a resident of Texas and that the injury occurred in Florida. The Court of Appeals affirmed a judgment in favor of plaintiff and held that the allegation was sufficient *647 to show jurisdiction of the federal district court in Florida; that it was unnecessary to allege that the defendant was either a. resident or a non-resident of Florida at the time of the injury; and that the Red Top Cab case was not applicable because it construed an earlier statute which by its terms applied to persons who were non-residents at the time of the injury.
Section 47.29, Florida Statutes 1959, F.S.A., is virtually the same as Section 47.-29, Florida Statutes 1953, F.S.A., quoted above. It is, therefore open to question as to whether even the law of Florida requires that the complaint allege that defendant was a non-resident at the time the cause of action accrued.
Turning now to the Virginia cases, the precise point does not appear to have been construed by the Virginia courts. In Carroll v. Hutchinson, 1939, 172 Va. 43, 200 S.E. 644, the court upheld the constitutionality of the statute pertaining to service on non-resident defendants in causes arising out of motor vehicle accidents. The court compared the Virginia statute with statutes of other states and concluded that it afforded due process to defendants who were served in compliance with the law notwithstanding the fact that the Virginia statute does not require the filing of a return receipt showing the registered mail was actually delivered to the defendant.
Service upon a non-resident was again upheld in McKay v. Citizens Rapid Transit Co., 1950, 190 Va. 851, 59 S.E.2d 121, 20 A.L.R.2d 918, under the Code 1950, section 8-67.1, which provided for service of process on the commissioner of motor vehicles as the agent of a non-resident motor vehicle operator in any action growing out of any collision in which a non-resident or his employee might be involved while operating a motor vehicle within the state.
The federal district court held in Warner et al. v. Maddox et al., D.C.Va.1946, 68 F.Supp. 27, that the Virginia statute providing for service on non-residents who have operated motor vehicles within Virginia is in derogation of'the common law and must b'e strictly construed.'
In Weaver et al. v. Marcus et al., D.C.Va. 1947, 73 F.Supp. 736, the judge held that service upon- a defendant, who was a resident of Virginia, under the statute was ineffective on the ground that the statute only provides for service on non-residents. This case was reversed on another ground in 4 Cir., 165 F.2d 862, 175 A.L.R. 1305.
It should be noted that there is another distinction between the Virginia statute and the Florida statute. The Virginia statute provides that the notice shall be sent by registered mail to the last known address of the defendant. The Florida statute provides that service by registered mail shall be valid provided:
“ * * * the defendant’s return receipt and the affidavit of the plaintiff, or his attorney, of compliance herewith are filed with the papers in the case on or before the return day of the process or within such further time as the court may allow * * * ”
The statute further provides in the alternative if the defendant is served within this state then proof of service must be filed" in the case on or before the return day of the process. Thus, under the Florida statute proof of actual service is required whereas under the Virginia statute the plaintiff need only show that the notice of suit was sent by registered mail to the last known address of the defendant.
In Powell v. Knight et al., D.C.Va.1947, 74 F.Supp. 191, the court held that under the Virginia statute if a proper address is given to the motor vehicle director it may be presumed that the director will exercise reasonable discretion and forward the notice to that address. The court also held that if the address is one which it is probable that delivery will be made, the service should be held good; and that where the complaint against non-resident motorist was filed and service had on the director of motor vehicles on the same date, and notice was mailed by the director to motorist at *648 the street address given by the motorist as her address at or about the time of the accident, such service was a sufficient compliance with the Virginia statute.
A review of the foregoing decisions considered in light of the language of the Virginia statutes clearly shows that the statute and the decisions permit a more liberal method of service than does the Florida statute. The instant record contains: a certificate showing the Acting Commissioner of Motor Vehicles was served with copies of the original complaint on July 7, 1953; a letter from the Acting Commissioner to the clerk of the original trial court stating that the statute was complied with; and an affidavit of compliance from the Office of the Commissioner o'f the Division of Motor Vehicles which provides:
“I, Lois C. Carden, being cognizant of the facts as required by statute and being designated for the purpose by C. H. Lamb, Acting Commissioner of the Division of Motor Vehicles of the Commonwealth of Virginia, do certify that on the 7th day of July, 1953, a process, consisting of Notice of Motion for Judgment, in the case of
Herman D. Milligan, Plaintiff v. Emmett Wilson and Irene Wells Wilson, Defendants
pending in the Circuit Court of Ac-comack County, at Accomac, Virginia was left in the office of the Acting Commissioner of the Division of Motor Vehicles of the Commonwealth of Virginia, in the City of Richmond, Virginia together with a fee of $4.00, in accordance with Sections 8-67.1 and 8-67.2 of the Code of Virginia, 1950.
“I further certify that on the 8th day of July, 1953, a copy of said process and anotice (sic) of the fact that such process was left in said office in the City of Richmond, Virginia, on the 7th day of July, 1953, were forwarded by the Acting Commissioner of the Division of Motor Vehicles of the Commonwealth of Virginia, by registerd mail to
Emmett Wilson, 1220 E. Mohawk Avenue, Tampa, Florida
Irene Wells Wilson, 1220 E. Mohawk Avenue, Tampa, Florida
said address (es) being furnished at the last-known post office address (es) of the defendant(s), registered delivery receipt(s) for same being requested.
“Given under my hand this the 8th day of July, 1953.”
Also in the record there appear notarized copies of the Notice of Suit which was sent to the defendants by the Acting Commissioner of the Division of Motor Vehicles. A certified copy of the judgment with the court seal attached, along with certificate signed by the trial judge, and the clerk of the trial court also appear in the instant record. Photostatic copies of the envelopes mailed to defendant by the motor vehicle commissioner’s office show that service by registered mail was attempted on July 8, 1953, October 2, 1953, and on October 28, 1953, but the mailman was unable to “get the signature” of the defendant.
All of the forementioned documents were filed by defendant to show that nowhere is it alleged that the defendant was a non-resident at the time the cause of action 'accrued. However, under the terms of the Virginia statute, it would appear that these documents could well prove sufficient compliance to foreclose the.question of jurisdiction being questioned in this or any other proceeding.
After a careful review of the record and the Virginia authorities noted herein, we conclude that the summary judgment was in error and this cause must be reversed for further proceedings consistent with this opinion.
Reversed.
KANNER, J., and HALL, TROY, Jr., Associate Judge, concur.