# MICHAEL ANTHONY JEWELERS, INC. v TOAN, INC., et al.

### Case No. 90-10784

Thirteenth Judicial Circuit, Hillsborough County

February 28, 1991

## APPEARANCES OF COUNSEL

Law Offices of Moshe Katlowitz, for plaintiff.

**Michael A. Linsky, Esquire,** for defendants.

## OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

*ORDER GRANTING REQUEST OF DEFENDANTS, NEWKIRK AND CLAUER, FOR RELIEF FROM FOREIGN JUDGMENT*

THIS MATTER came before the court on the Petition Contesting

Foreign Judgment of Defendants, THOMAS A. NEWKIRK ("NEW-KIRK") and JOSEPH J. CLAUER, III ("CLAUER"). The court has reviewed its files and the memoranda of counsel, has conducted its own research, and is otherwise fully advised in the premises.

## FACTS OF THE CASE AND PRELIMINARY ISSUES

The Defendants, NEWKIRK and CLAUER, are, and have been at all times material hereto, residents of Florida. The Defendant, TOAN, INC. ("TOAN"), was a Florida corporation at all times material hereto and is now a dissolved Florida corporation. The Plaintiff, MICHAEL ANTHONY JEWELERS, INC. ("ANTHONY"), is, and was at all times material hereto, a Delaware corporation licensed to do business in New York.

Defendants, NEWKIRK and CLAUER, communicated with AN-THONY through the mail and by telephone regarding guaranteeing the debt of Defendant, TOAN, to ANTHONY. On October 10, 1986, NEWKIRK and CLAUER executed a Guaranty in which they jointly and severally guaranteed the debt of Defendant, TOAN, to the Plaintiff, ANTHONY. The Guaranty stated, *inter alia,* "This guaranty shall for all purposes be deemed to be made in, and shall be governed by the laws of the State of New York."

Upon TOAN's default of payment of its debt to ANTHONY, demand was made by ANTHONY upon NEWKIRK and CLAUER. When payment was not forthcoming, ANTHONY personally served the Defendants with a Summons and Complaint in Hillsborough County, Florida. The Defendants failed to appear and answer the Summons and Complaint. On May 4, 1990, the Supreme Court of the State of New York entered a default judgment against the Defendants in the amount of $34,142.44. On May 15, 1990, ANTHONY recorded the New York judgment in the Circuit Court of the Thirteenth Judicial Circuit of Florida, in and for Hillsborough County, Florida pursuant to Florida Statutes § 55.501. The Clerk of the Circuit Court properly forwarded a Notice of Recording Judgment to the Defendants.

On May 31, 1990, Defendants, NEWKIRK and CLAUER, filed a Petition Contesting Foreign Judgment pursuant to Florida Statutes Section § 55.509(1). In their Petition, NEWKIRK and CLAUER contend that the State of New York did not have jurisdiction over the person of either NEWKIRK or CLAUER and that the Plaintiff committed fraud upon the court by suggesting to the New York court that it had proper jurisdiction. The Defendants request that this court set aside the judgment entered against them pursuant to Rule 1.540, Florida Rules of Civil Procedure.

184

Before addressing the Defendants' request, it is necessary for this court to first decide two preliminary issues which are raised by these proceedings. The issues are: 1) whether the Defendants may collaterally attack the foreign default judgment entered against them; and, 2) whether this court has the authority to determine the validity of the foreign default judgment herein?

Under the full faith and credit clause of the Constitution, every judgment of a sister state must be recognized by the courts of Florida and is entitled to the same force and effect Florida would afford its own judgment. U. S. Const. art. IV, § 1 *Herron v Passailaigue,* 92 Fla. 818, 110 So. 539 (1926). However, not all foreign judgments are entitled to full faith and credit. A foreign judgment sought to be enforced elsewhere must be valid. *Bourn v Hinsey,* 134 Fla. 404, 183 So. 614 (1938); *Coleman v Coleman,* 157 Fla. 515, 26 So. 445 (1946).

While the general rule in Florida is that defendants are not allowed to contest the validity of a foreign judgment which is valid on its face, *Gaylor v Gaylord,* 45 So. 2d 507 (Fla. 1950), it is well settled that a foreign judgment is always open to collateral attack on the basis of fraud or lack of jurisdiction in order to determine the application of full faith and credit. *Drake v Granger,* 22 Fla. 348 (1886); *Sammis v Wightman,* 31 Fla. 10, 12 So. 526 (1893); *Herron v Passailaigue,* 92 Fla. 818, 110 So. 539 (1926). The principles governing collateral attack in Florida apply to default judgments. F.R.C.P. 1.500(d); *Ennis v Giblin,* 147 Fla. 113, 2 So. 2d 832 (1941).

If collaterally attacked on the ground of fraud or lack of jurisdiction, Florida courts have the authority to ascertain whether the final judgment was valid based on the law of the state of rendition. *Milligan v Wilson,* 130 So. 2d 644 (Fla. 2d DCA 1961); *National Equipment Rental, Ltd. v Coolidge Bank & Trust Co.,* 348 So.2d 1236 (Fla. 2d DCA 1977). Florida courts only have authority to determine if there was fraud or lack of jurisdiction, however, if these issues were not already full and fairly litigated and decided in the rendering court. *Haas v Haas,* 59 So.2d 640 (Fla. 1952). The foreign judgment herein is a default judgment. Therefore, it is clear that the issues raised by Defendants in the Petition Contesting Foreign Judgment are not *res judicata* by virtue of having been previously litigated and decided by the New York Court.

Based on the above, this court finds that the Defendants in the case at bar may contest the validity of the New York judgment on the grounds of fraud and lack of jurisdiction. This court further finds that it has authority to determine the validity of the foreign judgment. In

**185**

accordance with its authority, this court addresses the following issue of the case in order to determine whether the Defendants are entitled to relief from the foreign judgment.

## ISSUE OF THE CASE AND DISCUSSION

WHETHER THE DEFENDANTS HAVE MET THEIR BURDEN OF PROVING THE INVALIDITY OF THE NEW YORK DEFAULT JUDGMENT HEREIN SO THAT THIS COURT NEED NOT RECOGNIZE THE JUDGMENT UNDER THE FULL FAITH AND CREDIT CLAUSE OF THE CONSTITUTION?

A defendant contesting the enforcement of a foreign judgment has the burden of proving that the judgment is invalid. *Futterman v Gerber,* 109 So.2d 575 (Fla. 3d DCA 1959). A foreign judgment is regarded as valid in the court of another state if it would be valid in the state of rendition, *Drake v Granger,* 22 Fla. 348 (1886), as determined with reference to the laws of the state where it was rendered. *Milligan,* 130 So.2d at 645. In the case at bar, this court must look to the laws of the State of New York to determine whether the Defendants have met their burden of proving that the foreign judgment entered against them was invalid. If invalid, this court need not recognize the New York judgment under the full faith and credit clause of the Constitution. *Herron v Passailaigue,* 92 Fla. 818, 110 So. at 539 (1926); *Sammis v Wightman,* 31 Fla. 10, 12 So. 526 (1893).

In their Petition Contesting Foreign Judgment, the Defendants, NEWKIRK and CLAUER, contend that the New York court did not have jurisdiction over the Defendants and that Plaintiff committed fraud upon the court. Defendants request that this court relieve the parties from the foreign judgment pursuant to the court's authority to vacate a final judgment under Florida Rule of Civil Procedure 1.540. However, because the judgment herein is foreign, if this court finds that the judgment is invalid it does not have to recognize the judgment under the full faith and credit clause. *Sammis v Wightman,* 31 Fla. 10, 12 So. 526 (1893). Thus, non-recognition of the foreign judgment, rather than relief under Rule 1.540, would be the proper remedy for Defendants. This court will separately address the Defendants' contentions and the courts findings regarding each ground to determine whether this court must afford full faith and credit to the judgment herein.

## FRAUD UPON THE COURT

In their Petition Contesting Foreign Judgment, the Defendants

contend that "In suggesting to the court that it had proper jurisdiction over NEWKIRK and CLAUER [Plaintiff] committed fraud upon the court which entitles NEWKIRK and CLAUER to set aside the judgment entered against them . . ." The facts pled by Defendants in their Petition to support denying enforcement of the foreign judgment relate only to whether New York had long-arm jurisdiction over the Defendants. Defendants have failed to plead facts evidencing fraud upon which this court could base a finding that Defendants are entitled to relief from the New York judgment. Defendants' allegations of fraud upon the court, without supporting evidence of fraud, is merely a conclusion of law. *Sammis v Wightman,* 31 Fla. 10, 12 So. 526 (1893). Based on the foregoing, this court denies Defendants' request for relief on the ground of fraud.

## LACK OF JURISDICTION

The primary focus of inquiry into the jurisdiction of a state over a non-domiciliary is to be determined by the parameters of the Due Process Clause. *World-Wide Volkswagen Corp. v Woodson,* 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980). The test under the Due Process Clause is whether there are sufficient "minimum contacts" between the non-resident defendant and the forum state so that assertion of personal jurisdiction over the non-resident is consistent with traditional notions of fair play and substantial justice. *International Shoe Co. v Washington,* 315 U.S. 310, 66 S. Ct. 154 (1945).

The minimum contacts necessary under the Due Process clause must always be met in order to confer jurisdiction over a non-resident. However, each state may choose to further limit its jurisdiction over non-residents by including restrictive language in its long-arm statute. New York has chosen to exploit the fullest jurisdictional potential permissible under federal constitutional restraints. The United States Court of Appeals, Second Circuit, indicated that the scope of New York's long-arm statute is "as broad as the Constitution would permit it to be". *Agrashell, Inc. v Bernard Sirotta Co.,* 344 F.2d 583 (2d Cir. 1965). Thus, this court must determine whether under the Due Process Clause the facts herein constitute minimum contacts such that New York acquired long-arm personal jurisdiction over the Defendants.

The applicable question is whether the defendant's conduct and connection with the forum state was such that he should reasonably have anticipated being haled into court there. *International Shoe Co.,* 316 U.S. at 310, 66 S. Ct. at 154 (1945), *World-Wide Volkswagen Corp.,* 444 U.S. 286, 100 S. Ct. 559 (1980). In *Hanson v Denckla,* 37 U.S. 235, 78 S. Ct. 1228 1958), the U. S. Supreme Court further

identified when a defendant should "reasonably anticipate" out-of-state litigation:

> The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law.

*Hanson,* 78 S. ct. at 1239.

In their Memorandum in Support of Execution of Judgment, the Plaintiffs list the following facts upon which they contend jurisdiction should be based:

1) defendants derived substantial benefit from Toan,

2) defendants guaranteed the debt of Toan to plaintiff located in New York,

3) the Guaranty states that it is for all purposes to be deemed to be made in New York,

4) the Guaranty provides that it will be governed by the laws of New York,

5) defendants sent mail to and received mail from the plaintiff in New York,

6) defendants held telephone conversations with plaintiff and plaintiff's attorneys in New York

7) defendants mailed personal financial statements to plaintiff in New York, and

8) defendants knew or should have known that failure to pay the guaranteed debt would detrimentally affect plaintiff in New York.

Under similar facts, the United States Court of Appeals, Second Circuit, interpreted the application of New York's long-arm statute. *Agrashell, Inc. v Bernard Sirotta Co.,* 344 F.2d 583 (2d Cir. 1965), *see also, United States of America v The Montreal Trust Co.,* 358 F.2d 239 (1d Cir. 1966), *cert. den.* 384 U.S. 919, 86 S. Ct. 1366. The *Agrashell* Court determined that the quality and nature of the defendant's contacts with New York were insufficient to confer New York's long-arm personal jurisdiction over the defendant. *Agrashell,* 344 F.2d at 588. In *Agrashell,* the defendant, a Missouri corporation, had negotiated and concluded contracts through the mail and by telephone

188

with the New York plaintiff. *Id.* at 587. The Court found that these facts were inadequate to show that defendant had invoked the benefits and protections of New York's law. *Id.* Additionally, the Court did not regard as decisive the fact that the defendant had agreed that one of the contracts should be interpreted in accordance with New York law or that all of the contracts were concluded in New York. *Id.* at 588. The Court also found that the choice-of-law provision could not be construed as a submission to personal jurisdiction absent an express contractual understanding to that effect. *Id.* While the *Agrashell* Court did not regard the above facts as irrelevant, the Court held that "something more" was needed to sustain personal jurisdiction over the defendant. *Id.*

Similarly, in the case at bar, the quality and nature of Defendants' contacts with New York are insufficient to establish New York's long-arm jurisdiction over the Defendants. Defendants only contact with the Plaintiff was regarding execution of the Guaranty of Defendant, TOAN. While communication between the Defendants and the New York Plaintiff occurred through the mail and by telephone, as in *Agrashell,* this is not enough to confer jurisdiction. The fact that the Guaranty, which was executed in Florida, was "deemed to be made in" New York is also not enough to establish minimum contacts with New York. The Defendants correctly submit that, as in *Agrashell,* the choice-of-law provision cannot be construed as the submission of NEWKIRK and CLAUER to the jurisdiction of New York where the Guaranty expresses no understanding to that effect. Finally, while the place of performance of a contract is an important jurisdictional factor, the Guaranty herein is silent as to where performance would have occurred. Thus, as in *Agrashell,* "something more" is needed in the case at bar for New York to have properly maintained personal jurisdiction over the Defendants.

In their Memorandum, Plaintiffs discuss several cases in which the New York courts found that a non-resident was "transacting business within New York", satisfying New York's long-arm statute and subjecting the non-resident to New York's jurisdiction. The facts relied upon by the courts in each of the cases, however, are easily distinguishable from the case at bar.

In *Iroquois Gas v Collins,* 42 Misc. 2d 632, 248 N.Y.S.2d 494, 495 (1964), *aff'd* 23 A.D. 2d 283, 258 N.Y.S. 2d 376, the New York court held that a contract consummated in New York by the non-resident defendant was enough to invoke personal jurisdiction. In *Iroquois,* the defendant had sent its agents to New York on two separate occasions in furtherance of the contract. It was under these facts that the New

York court found the minimum contacts to establish jurisdiction. *Iroquois,* 148 N.Y.S. 2d at 497.

In the case of *Steele v De Leeuw,* 49 Misc. 2d 807. 144 N.Y.S. 2d 97 (1963), the non-resident defendant actually signed the contract in New York and took transfer of stock in New York pursuant to the contract. Under these facts, the court found sufficient contacts to constitute a "transaction of business within New York". *Steele,* 244 N.Y.S. 2d at 99.

In *Longines-Wittnauer Watch Co. v Barnes & Reineche, Inc.,* 15 N.Y. 2d 443, 209 N.E.2d 682, 261 N.Y.S. 2d 8 (1965), agents of the non-resident defendant concluded substantial negotiations in New York, a supplementary contract was signed in New York, the defendant shipped goods to New York and defendant's agents supervised the installation and testing of the goods in New York. The *Longines* court found that these contacts were such that the "maintenance of the action does not offend traditional notions of fair play and substantial justice." *Longines,* 261 N.Y.S. 2d at 10.

In each of the above cases, the non-resident, or an agent of the non-resident, had substantial contacts with New York and had purposefully availed itself of the privileges of conducting business activity within New York. The facts in the case at bar, do not support a similar finding. In the instant case, the Defendants' sole connection with the New York Plaintiff was their execution in Florida of a Guaranty guaranteeing the debt of Defendant, TOAN, to the Plaintiff. The Defendants do not have offices in New York, neither the Defendants nor their agents were ever physically present in New York, and no transactions in regard to this suit ever took place in New York. The totality of the Defendants' actions do not amount to a purposeful invocation of the benefits and protections of the law of New York. Defendants' contacts with New York are not sufficient to constitute a "transaction of business within New York" for purposes of conferring personal jurisdiction in New York under New York's long-arm statute.

Finally, Plaintiffs point out that in order to set aside a default judgment one must show excuse in delay and a meritorious claim or defense. *Passalacqua v Banat,* 103 A.D. 2d 769, 477 N.Y.S. 2d 398, 399 (1984); *Weber v Victor Mem. Hosp.,* 98 A.D. 2d 719, 469 N.Y.S. 2d 125, 126 (1983). Plaintiffs contend that when defendants deliberately permit default there is no incentive for the court to set aside judgment. This contention is true in the case of a valid or voidable judgment. However, where the judgment is void by virtue of lack of jurisdiction over the person of the defendant, the judgment cannot be validated

merely because the defendant chooses to contest the judgment collaterally. *See, Davidson v Ream,* 178 A.D. 362, 164 N.Y.S. 1037 (1917); *Nervo v Mealey,* 175 Misc. 952, 25 N.Y.S. 2d 632 (1940). As has been stated previously, lack of jurisdiction is a proper ground for the collateral attack of a foreign judgment. *Sammis v Wightman,* 12 So. 516 (Fla. 1983). Thus, Plaintiffs' contention that Defendants' failure to answer the original Complaint herein is a bar to vacating the default judgment is without merit.

## CONCLUSION

Based upon the foregoing, this court finds that while the Defendants have failed to establish fraud upon the court which would render the foreign judgment herein void, the Defendants have met their burden of proving that New York did not have personal jurisdiction over the Defendants. Because the New York judgment was not rendered by a court of competent jurisdiction, the judgment is invalid and this court need not recognize it under the full faith and credit clause of the Constitution.

It is hereby ORDERED AND ADJUDGED that Defendants' request for relief from foreign judgment is GRANTED.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 28th day of February, 1991.