PER CURIAM.
Landlord Robert S. Kaufman appeals a final judgment awarding tenants/counter-claimants, Gary D. May and Daryl Scott, damages and attorney’s fees. We reverse the fee award to the tenants and remand for an award of attorney’s fees to the landlord.
The landlord filed an action against the tenants seeking possession of the leased premises, costs and fees. During the pen-dency of the proceedings, the lease term expired; however, the tenants remained in possession of the property. The landlord filed a motion for judgment of possession. After a hearing on the motion, the trial judge ordered the tenants to vacate the property, or face a writ of possession. The trial court reserved jurisdiction to award the landlord fees. The order was not appealed; the tenants vacated the property. At the conclusion of the litigation, the court denied the landlord’s request for fees, entered a judgment for the tenants on their counterclaim, and awarded the tenants fees.
The landlord correctly asserts on appeal that he was the prevailing party in the action for possession. A final judgment “determines and disposes of the whole merits of the cause before the Court by declaring that the plaintiff either is or is not entitled to recover by the remedy cho-sen_” Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1391 (Fla. 3d DCA 1986), citing Irving Trust Co. v. Kaplan, 155 Fla. 120, 125, 20 So.2d 351, 354 (1944). The order on possession was a final disposition of the whole merits of the landlord’s cause before the court: possession of the leased property. After the entry of this order, no further action was required from the court in the possession action. That order was, therefore, a final judgment and could not be altered absent a timely filed request. Travelers Indemnity Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981). Thus, the landlord prevailed in the action for possession and was entitled to have his request for fees determined by the court.
For these reasons, the order awarding the tenants fees is reversed, and the cause is remanded for a determination of the landlord’s fees.
Furthermore, appellant’s remaining points lack merit. The trial court did not commit reversible error in entering the final judgment awarding the tenants damages on their counterclaim. See Ault v. Lohr, 538 So.2d 454 (Fla.1989); Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985). That judgment is affirmed.
Judgment affirmed; fee award reversed and remanded.