AMHERST BANK, Plaintiff, *v.* JOSEPH E. ZENT and Others, Defendants.

Supreme Court, Erie County, November 8, 1935.

*John H. O'Day,* for the plainriff.

*Charles C. Farnham* and *James P. Schaus* [*Edward H. Farnham* of counsel], for the executors, etc., of Joseph E. Zent, deceased, and the defendant Catherine Zent.

SWIFT, J. There is but one question involved in this motion. In a foreclosure action where the mortgagor dies after a judgment of foreclosure and sale but before the day of the sale, should a deficiency judgment, granted under the provisions of section 1083-a of the Civil Practice Act, be subject to rule 186 of the Rules of Civil Practice? That rule provides that " if a judgment for a sum of money or directing the payment of money be entered against a party after his death, a memorandum of the party's death must be entered with the judgment."

Section 1083 of the Civil Practice Act, entitled " judgment for deficiency," provides that " the final judgment may award pay-

ment " of the residue of the debt. Section 1083-a of the act states that " no judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section * * * where the mortgaged property shall be sold during the emergency, except as herein provided." In the case at bar " a judgment for a sum of money " has been granted and is to " be entered against a party after his death," and it would seem that rule 186 required the entry of a memorandum of that party's death.

Plaintiff contends, however, that the judgment of foreclosure and sale is the final judgment in the action, and inasmuch as the mortgagor was living when that final judgment was granted, section 478 of the Civil Practice Act does not apply, and that judgment and any deficiency judgment entered in accordance with the final judgment " became a lien upon the real property or chattels real of the decedent," and he cites *Feiber Realty Corp.* v. *Abel* (265 N. Y. 94), quoting from the opinion of the court this statement: " A judgment of foreclosure and sale is not only final by statutory definition but by the decisions of this court has been held to be final and an adjudication of all questions at issue." The court cites two authorities for this statement: *Morris* v. *Morange* (38 N. Y. 172) and *Wager* v. *Link* (134 id. 122). The *Morris* case held that the time within which an appeal must be taken in a foreclosure action began to run with the service of the notice of the entry of judgment of foreclosure and not with the service of the notice of the order confirming the report of sale. The court said: " As a general rule, undoubtedly, when a judgment or order directs a reference, although it provides for the decision of the main questions at issue, it is deemed interlocutory. But, I think, this can only be when there is something reserved for the court judicially to determine. In the present case, the court determined all that it was necessary to determine judicially, * * * what was left, was to be done by its ministerial officers;" and the court approved the reasoning in the case of *Johnson* v. *Everett* (9 Paige, 636) in these words: " A decree was made by the vice-chancellor of the seventh circuit, declaring the rights of the parties, and directing an account in conformity therewith, but reserving the consequential directions and the questions of costs, until the coming in of the master's report. * * * The chancellor decided that the decree was interlocutory on the ground that further directions and the question of costs were reserved until the coming in of the master's report. But he adds, if the decree, in addition to the reference to the master, to compute, etc., proceeds further, and gives the usual directions in such cases, that, upon the coming in and confirmation of the report of the master, the premises shall be sold, and that the master pay the amount due out of the

proceeds of sale, and directing the mortgagor to pay the deficiency, the decree is final, although the mortgagor may have the right to except to the master's report of the amount due." In the *Wager Case (supra)* one of the questions raised was whether a judgment in foreclosure was such a final judgment as would give the Court of Appeals jurisdiction, and the court said: " The judgment entered upon the report of the referee in the present case was not an interlocutory but a final adjudication for the purposes of the question raised here in that respect." These cases seem to indicate that there may be instances when a judgment of foreclosure and sale will not for all purposes be considered a final judgment.

Bearing in mind the fact that the action of foreclosure as we know it today is the result of an act of the Legislature which consolidated into that one action the former action in equity for a decree of sale and the action at law for a deficiency judgment, we can appreciate why the judgment of foreclosure and sale, which corresponds to the decree in chancery, should be considered, for many purposes, a final judgment, even if it had not been so denominated in the Civil Practice Act, but that does not preclude us from also considering that the deficiency judgment is " a judgment for a sum of money " within the purview of rule 186.

In the *Feiber Case (supra)* the court said: " The judgment referred to in section 1083-a would, therefore, seem to be the final judgment referred to in section 1083, and the final judgment can be none other than the judgment of foreclosure and sale provided for under section 1082 of the Civil Practice Act. Section 1083, therefore, by its terms, specified a limitation upon the granting of final judgments in foreclosure actions during the emergency where the mortgaged property shall be sold during the emergency." Section 1083-a provides that a party to whom a residue is owing must move in the action for leave to " enter a deficiency judgment;" and upon such motion the court must determine the market value of the mortgaged premises, and make an order directing the entry of " a deficiency judgment," and the amount of " such deficiency judgment " depends upon the amount determined by " the judgment " (the judgment of foreclosure and sale). In view of this language it must be said that a deficiency judgment granted under section 1083-a is " a judgment for a sum of money " within the meaning of rule 186. This section compels the court to make judicial determinations after the entry of the " final " judgment of foreclosure and sale before a deficiency judgment can be entered, and in the light of the language used by the court in the *Morris* and *Wager Cases (supra)*, it cannot be said that the judgment of foreclosure and sale in the case at bar was such a final judgment as to

preclude our recognizing the deficiency judgment as " a judgment for a sum of money." A holding to the contrary would upset the well-established practice resulting from the decision in *French* v. *French* (107 App. Div. 107).

The motion for resettlement should be granted, and the order so amended as to give to the clerk notice of the death of Joseph E. Zent prior to the date of sale of the mortgaged premises.