METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* ALREDSPREAT REALTY CORPORATION and Others, Defendants.*

Supreme Court, Special Term, New York County, October 19, 1936.

* After referee reported court denied deficiency. Appellate Division affirmed. (See 252 App. Div. 854.)

*Tanner, Sillcocks & Friend* [*Finis E. Montgomery* of counsel], for the plaintiff.

*Root, Clark, Buckner & Ballantine* [*Loyal Leale* of counsel], for the defendant Katherine S. Hoyt.

*Lyle Evans Mahan,* for the defendant Alredspreat Realty Corporation.

*Satterlee & Canfield,* for the defendant The Commercial National Bank and Trust Company of New York, as substituted executor, etc., of Richard F. Hoyt, deceased.

*Solomon Kleinman,* for the receiver.

*John J. Bennett, Jr., Attorney-General,* for the defendant The People of the State of New York.

LAUER, J. This is a motion made by the plaintiff pursuant to the terms of section 1083-a of the Civil Practice Act for an order fixing the fair and reasonable value of premises, heretofore foreclosed, at or about the time the premises were bid in at auction. The motion was made for the purpose of obtaining a deficiency judgment against one Katherine S. Hoyt, deceased, a defendant in the foreclosure action. A judgment of foreclosure was entered

on March 11 1936, and the premises were sold on April 3, 1936. The report of the referee showed a deficiency of $34,863.66.

The affidavits before me disclose that in the interim between the foreclosure sale and the making of the present motion the defendant Katherine S. Hoyt died. The death of the defendant Hoyt became known to plaintiff's counsel on the return day of this motion. Plaintiff's counsel thereafter, in addition to the above motion, made a second and separate motion for an order directing that the amount of the deficiency judgment, if any be determined and entered, shall be a lien upon the goods, chattels, real property and effects of Katherine S. Hoyt, deceased, and against the executors of the estate of Katherine S. Hoyt. Both motions are herein considered together.

The counsel who represented the defendant Hoyt in the foreclosure action and who now represent her executors appear as *amicus curiæ* in the first motion and specially in the second motion. They have taken the position in opposition to plaintiff's motion that

(1) This court has no jurisdiction to entertain a motion for a deficiency judgment against the defendant Katherine S. Hoyt;

(2) This court has no jurisdiction over the executors of the last will and testament of Katherine S. Hoyt, deceased, because they have not been properly made parties to this proceeding.

It is the contention of counsel that since the enactment of section 1083-a of the Civil Practice Act a judgment of foreclosure and sale is not a final judgment on which a deficiency judgment may be entered as a mere ministerial function. Counsel argue that since certain steps mandatorily must be taken under section 1083-a to obtain a deficiency judgment, a triable issue as to personal liability remains. If death intervenes, as in the instant case, it is urged no deficiency judgment may be entered.

It has generally been recognized as law both before and after the passage of section 1083-a of the Civil Practice Act that a judgment of foreclosure and sale is a final judgment. (*Feiber Realty Corp.* v. *Abel,* 265 N. Y. 94; *Morris* v. *Morange,* 38 id. 172; *Leake* v. *Bundy,* 48 Hun, 208; *Amherst Bank* v. *Zent,* 157 Misc. 145.) The entry or docketing of a deficiency judgment prior to the enactment of section 1083-a was considered " a clerical act, in pursuance of the directions of the judgment entered." (*Morris* v. *Morange, supra,* at p. 173.) With the advent of section 1083-a, however, the entry of a deficiency judgment may no longer be considered a mere clerical or ministerial function which follows the entry of a final judgment of foreclosure and sale. Under this section something has been reserved for the court judicially to determine,

and as to that undetermined issue the judgment should be considered interlocutory. (*Morris* v. *Morange, supra; Amherst Bank* v. *Zent, supra.*) While it is generally true as heretofore stated that a judgment of foreclosure and sale is final, there are cases both before and after the enactment of section 1083-a which " indicate that there may be instances when a judgment of foreclosure and sale will not for all purposes be considered a final judgment." (*Amherst Bank* v. *Zent, supra.*) A judgment of foreclosure and sale since the passage of section 1083-a continues to be a final judgment *in rem*, but for the purposes of entering a deficiency judgment which has been construed " to be a judgment for a sum of money " (*Amherst Bank* v. *Zent, supra*), and is *in personam*, it is interlocutory and does not become final until nothing remains for the court to judicially determine.

The arrival at this result does not preclude the plaintiff in the instant case from obtaining a deficiency judgment if it is entitled to a judgment. Section 478 of the Civil Practice Act provides: " If either party to an action dies after  *  *  *  an interlocutory judgment, but before final judgment is entered, the court must enter final judgment in the name of the original parties." It appears, therefore, that the plaintiff would be entitled to have a deficiency judgment entered if and after it is judicially determined that it is entitled to it.

The motion made pursuant to section 1083-a will be referred to a referee to hear and report on the fair and reasonable value of the premises foreclosed pursuant to the provisions of the statute, and pending the coming in of the referee's report the decision on the first motion will be held in abeyance. Leave is given as requested to the executors to submit proof and interrogate witnesses on the hearing before the referee.

The plaintiff's second motion remains to be determined. The question presented is, assuming it is determined that the plaintiff is entitled to a deficiency judgment, may that judgment be declared a lien upon the goods, chattels, real property and effects of Katherine S. Hoyt, deceased, and against the executors of the estate of Katherine S. Hoyt? A deficiency judgment is a " judgment for a sum of money." (*Amherst Bank* v. *Zent, supra.*) Section 478 of the Civil Practice Act provides that " where a judgment for a sum of money  *  *  *  is entered against a party after his death, it does not become a lien upon the real property or chattels real of the decedent; but it establishes a debt to be paid in the course of administration." It appears, therefore, that this section of the Civil Practice Act negatives the relief sought by plaintiff in the second motion. This motion is, therefore, denied. Submit orders in accordance with above decision.