Robert R. INGERTON, Appellant,

v.

FIRST NATIONAL BANK AND TRUST COMPANY OF TULSA, Appellee.

No. 6326.

United States Court of Appeals
Tenth Circuit.

Jan. 4, 1961.

Rehearing Denied Feb. 11, 1961.

Dickson M. Saunders, Tulsa, Okl., and Howard F. Saunders, Amarillo, Tex., for appellant.

Hess Crossland and James R. Ryan, Tulsa, Okl., for appellee.

MURRAH, Chief Judge and BRAT-TON, PICKETT, LEWIS and BREIT-ENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from an order overruling the appellant's motion under Rule 60 F.R.Civ.P., 28 U.S.C.A., to set aside a deficiency judgment and declare the same paid and satisfied. The original judgment entered in the federal district court in Oklahoma was for the unpaid balance on a promissory note made to the appellee, First National Bank of Tulsa, by the judgment-debtor and his wife. It foreclosed the mortgage on oil and

gas properties made to secure the mortgage indebtedness and also a lien on attached property not covered by the mortgage. Pursuant to the judgment, all of the mortgaged and attached property was appraised, advertised and sold, and the proceeds applied on the mortgage debt. About one year after the sale and confirmation, the appellee Bank moved for determination of a deficiency judgment. When the matter came on for hearing pursuant to order, the court noted that Ingerton, the judgment-debtor, had been duly notified and proceeded to find the fair, reasonable value of the mortgaged and attached property as of the date of the master's sale, and to credit the same, together with some unidentified sums in the hands of the receiver, against the judgment and to render a deficiency judgment for the unpaid balance.

The judgment-debtor died about a year later and a little more than four years after the entry of the deficiency, the appellant, who is the son of the judgment-debtor, brought this motion as his legal representative, basing his claim to relief upon two grounds: (1) lack of due notice of the hearing on the deficiency; and (2) upon Section 686, Title 12 O.S.A., which provides comprehensively for the foreclosure and sale of mortgaged property in Oklahoma, and, as amended in 1941, pertinently provides in effect that if no motion for a deficiency judgment is made within 90 days from the date of the foreclosure sale, the proceeds of such sale "regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

The motion for deficiency judgment having been filed more than 90 days after the date of the sale of the mortgaged property, the central question is whether in these circumstances the statute operates to satisfy the debt and deprive the court of authority to render a deficiency judgment, or whether, as the trial court held, the 90-day provision is a short statute of limitations which must be affirmatively pleaded as a defense to the motion for deficiency judgment, and no such plea having been made, the statute is inoperative.

■ Some point was made in the trial court concerning the appellant's capacity to maintain the motion under Rule 60 F.R.Civ.P., but the record does not reflect whether the trial court was requested to rule on the matter. It is again urged here and we note it because of its primary importance to the maintenance of the motion. Subparagraph (b) of Rule 60 authorizes the court to relieve "a party or his legal representative" from a judgment on the grounds that it has been "satisfied, released, or discharged." Here the judgment-debtor died intestate in Texas seized of property there after entry of the deficiency judgment. By virtue of Section 37 of the Texas Probate Code, V.A.T.S., the property vested " * * * immediately in his heirs at law * * * ." The movant is a son and heir at law. And we have recently said, following general law, that the term "legal representative" is "sufficiently broad to include any person who stands in the place and stead of one deceased in respect to property, whether transferred to him by operation of law, or otherwise * * * ." Security Insurance Co. of New Haven v. White, 10 Cir., 236 F.2d 215, 219. We conclude that the appellant had standing to move for relief against the judgment.

■ The judgment-creditor takes the rather anomalous position that its own judgment which appellant seeks to set aside is dead under Oklahoma's 5-year dormancy statute, and there is consequently nothing for the court to act upon. Section 735, Title 12 O.S.A. provides that "If execution shall not be sued out within five years after the date of any judgment * * * such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor * * * ." This statute might be controlling if the entry of the deficiency judgment was a mere clerical act so that the dormancy statute would

run against the original instead of the deficiency judgment, for the motion to vacate the deficiency judgment was filed more than five years after entry of the original judgment. Since the 1941 Amendment to Section 686, however, the entry of a deficiency judgment is not a mere clerical act but a judicial determination. R. F. C. v. Breeding, 10 Cir., 211 F.2d 385; Metropolitan Life Insurance Co. v. Alredspreat Realty Corp., 165 Misc. 74, 300 N.Y.S. 288. "It is a post-judgment prerequisite to the issuance of a general execution for the enforcement of the unpaid balance due upon the original judgment." R. F. C. v. Breeding, supra, 211 F.2d at page 390. The Oklahoma dormancy statute is obviously concerned with the repose of judgments for failure to issue timely executions, and inasmuch as no general execution could lie on the balance due on the original judgment until judicial determination and entry of the deficiency judgment, it is clear that the dormancy statute, if applicable, did not start to run until after the entry of the deficiency judgment, which was entered less than five years before filing the motion to set it aside.

■■ We come now to the 90-day provision in the 1941 Amendment. The Oklahoma Court has not had occasion to construe this provision of the statute. But the New York court has construed identical language in a New York statute as a statute of limitations which must be pleaded or raised as an objection. Jamaica Savings Bank v. Risian Realty Corp., 165 Misc. 372, 300 N.Y.S. 553, 555. This construction was based upon the notion that the New York statute created no substantive rights, but simply regulated the procedure for fixing the amount and entry of a deficiency judgment, and which afforded the mortgagor an opportunity to contest the entry of the deficiency judgment. The New York Act was first enacted in 1933 as an emergency measure entitled a "limitation upon deficiency judgments during emergency period." It was brought over into the New York Practice Act as Section 1083–a in 1938 (See Chapter 510, Session Laws of 1938) and came to express the permanent policy of the State. See Tompkins County Trust Co. v. Herrick, 171 Misc. 929, 13 N.Y.S.2d 825, 829. Its constitutionality was upheld in Honeyman v. Jacobs, 306 U.S. 539, 59 S.Ct. 702, 83 L.Ed. 972. The pertinent language of Oklahoma's 1941 Amendment had been thus construed when it was apparently lifted out of the New York statute and neatly inserted into Section 686. And there are grounds for assuming that the Oklahoma Courts would adopt New York's construction of the critical language of the amendment. Clews v. Stiles, 10 Cir., —— F.2d ——.

While the Oklahoma Courts have not construed the text of the amendment, this court had occasion to do so in R. F. C. v. Breeding, supra, involving a motion to revive a deficiency judgment entered more than 90 days after the sale of the mortgaged property. After careful analysis of the entire statute, we held it applicable to foreclosure suits in the federal courts in Oklahoma; and that "inasmuch as no deficiency judgment was obtained in the manner specified in the statute, and inasmuch as under the statute the proceeds of the sale of the mortgaged property, regardless of the amount, are deemed to be in full satisfaction of the mortgage debt; and inasmuch as under the statute no right exists to recover any deficiency in any action or proceedings, the motion to revive was not well founded." True, in that case the motion was to revive the judgment, here it is to set it aside. But even so, the sweeping language in that case leaves no doubt that the statute was construed to extinguish the right to a deficiency judgment after the lapse of the prescribed 90-day period. We have concluded to adhere to this construction of the act until the Oklahoma Court takes a different view of it.

■ Relying upon the Oklahoma court's construction of the statute to the effect that it is only applicable to mortgage foreclosures, see Price v. Shell Oil Co., 199 Okl. 193, 185 P.2d 211;

Local Federal Savings and Loan v. Davidson & Case Lumber Co., 208 Okl. 155, 255 P.2d 248, the appellees deny that the statute is applicable in this case involving as it does the sale of attached property to satisfy an attachment lien. But the suit was essentially one to foreclose mortgaged property. The attachment and sale of property not covered by the mortgage was plainly ancillary to the foreclosure action. And, the statute is not rendered inapplicable simply because the deficiency judgment may be based in part upon the foreclosure of an attachment lien. We conclude that the statute is applicable and operates to deprive the court of the power to enter the deficiency judgment, and it thus becomes unnecessary to consider the sufficiency of the notice.

The judgment is reversed.