Robert R. INGERTON, Appellant,

v.

The FIRST NATIONAL BANK AND
TRUST COMPANY OF TULSA,
Appellee.

No. 6893.

United States Court of Appeals
Tenth Circuit.

April 20, 1962.

**440**

Dickson M. Saunders, Tulsa, Okl., and Howard Saunders, Amarillo, Tex., for appellant.

Hess Crossland, Tulsa, Okl., for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered pursuant to a mandate of this court on a former appeal remanding the case " * * * for further proceedings in accordance with the views expressed in the opinion * * *." 291 F.2d 662. And, the sole question is whether the Order on Mandate complies with the views expressed in that opinion.

The facts are that appellee obtained a deficiency judgment in the United States District Court, Northern District of Oklahoma, and an appeal was taken from an order overruling appellant's motion under Rule 60, Fed.Rules Civ.Proc., 28 U.S.C.A. to set the deficiency judgment aside and declare the same paid and satisfied. On remand, the trial court entered its Order on Mandate vacating and setting aside both its previous order overruling appellant's Rule 60 motion and the deficiency judgment, but refused appellant's proposed form of Order on Mandate declaring that judgment satisfied.

On this appeal, appellant takes the position that its Rule 60 motion was necessarily predicated on the ground that the deficiency judgment was unauthorized by reason of the prior satisfaction of the antecedent debt; that this court so held on the prior appeal; and that the trial court's refusal to declare the judgment satisfied was at fatal variance with the Mandate.

In the former appeal, we followed R. F. C. v. Breeding (10 C.A.), 211 F.2d 385, and construed the 90-day provision set out in the applicable Oklahoma statute [1] as an integral part of the substantive right to a post-foreclosure deficiency judgment, and held that appellee's failure to move therefor within the critical 90 days operated to deprive the trial court of the power to enter the judgment. This holding was, indeed necessarily predicated on the hypothesis that the antecedent debt itself had been extinguished by operation of law. But appellant's Rule 60 motion sought relief from the deficiency judgment, not the antecedent debt. And, the trial court's order vacating and setting aside the deficiency judgment affords appellant the full measure of relief to which he is entitled. Indeed, it would have been purposeless for the trial court to have declared paid and satisfied a judgment which, as we held, it was powerless to enter.

Accordingly, we hold that the Order on Mandate entered by the trial court complies entirely with the views expressed in our prior opinion.

Affirmed.

[1]. 12 Okl.St.Ann. § 686, as amended, provides in effect that if no motion for deficiency judgment is made within 90 days from the date of the foreclosure sale, the proceeds of that sale "regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."