**SIRLOIN ROOM, INC. and King Brothers Construction Company, Inc.,**
Appellants,

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY et al., Appellees.**

No. 22349.

United States Court of Appeals
Fifth Circuit.

April 19, 1966.

Walter D. Kelly, New Orleans, La., Herman & Herman, David L. Herman, New Orleans, La., on the brief, for Sirloin Room, Inc. and King Bros. Construction Company, Inc., appellants.

Frank J. Peragine, William W. Messersmith, III, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., on the brief, for appellees.

Before RIVES and WISDOM, Circuit Judges, and MORGAN, District Judge.

PER CURIAM.

In July 1959 the Sirloin Restaurant on the Airline Highway in Jefferson Parish, Louisiana, was destroyed by fire. On September 20, 1963, the district court rendered judgment in favor of the owner of the building against the fire insurance companies, which are appellees here, in amounts aggregating some $170,000.00 plus interest and costs, with judgment over against Richard A. King, the operator of the restaurant business, and two other persons. The judgment over was based upon a jury's verdict which answered interrogatories to the effect that the fire was set intentionally as the result of a conspiracy between Richard A. King and said two persons among others. Richard A. King appealed.[1] King did not present a supersedeas bond as permitted by Rule 73(d), Fed.R.Civ.P.

After King filed his notice of appeal, but failed to supersede, the insurance companies undertook to collect on their judgment against him. Judgment-debtor examinations were conducted. Garnishments were issued against Sirloin Room, Inc. and King Brothers Construction Co., Inc. The district court found these corporations to be "virtually [the] alter ego of Richard King." Judgments for specified amounts were rendered against these corporations as garnishees. This apppeal is from those judgments.

Three issues are presented. The first is "that any order or mandate necessary to aid execution once a timely notice of appeal has been filed, must be rendered by the United States Court of Appeals wherein the appeal is pending * * *." That contention is refuted by the clear implication of Rule 73(d), Fed. R.Civ.P.[2] The second contention is that the judgment is contrary to law because retroactive for two years prior to issuance of the writ of garnishment. The judgment merely established mathemati-

third contention is that the judgment is cally the sums for which the garnishees are presently indebted to King. The not supported by the evidence. There was ample evidence to support the judgment of the district court.

The judgment is therefore affirmed.

---

1. His appeal is presently pending in this Court as No. 21484 sub nom. Richard A. King v. Sybil Realty Company, et al.

2. Hovey v. McDonald, 1883, 109 U.S. 150, 159, 3 S.Ct. 136, 27 L.Ed. 888; 7 Moore's Federal Practice, 2d ed., ¶69.03 [2], p. 2409; 3 Barron & Holtzoff, Federal Practice & Procedure, § 1374, p. 467.