INTERNATIONAL PAPER COMPANY, a corporation, Plaintiff,

v.

Edmund R. WHITSON and Carolyn J. Whitson, Defendants-Appellees,

United States of America, Secretary of Housing and Urban Development, Defendants-Appellants,

E. D. Hill Surveying and Engineering Co., Advance Mortgage Corporation and Roosevelt Savings Bank of the City of New York, Defendants.

No. 77–1393.

United States Court of Appeals, Tenth Circuit.

Argued Oct. 25, 1978.

Decided April 2, 1979.

See also 10 Cir., 571 F.2d 1133.

---

Edmund R. Whitson, pro se.

Barbara L. Herwig, Atty., App. Section, Civ. Div., Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., John E. Green, U. S. Atty., Oklahoma City, Okl., Leonard Schaitman and Thomas G. Wilson, Attys., App. Section, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for United States of America, defendant-appellant.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue presented by this appeal is whether in connection with the foreclosure of a mortgage the United States is precluded from obtaining a deficiency judgment because it failed to seek such a judgment within 90 days of the foreclosure sale as required by Oklahoma statute. The trial court held that the United States was so precluded, and the United States now appeals.

Edmund and Carolyn Whitson determined to build an apartment complex in Edmond, Oklahoma, which project would be financed pursuant to the National Housing Act, 12 U.S.C. § 1715*l*, a mortgage insurance program "designed to assist private industry in providing housing for low and moderate income families and displaced families." Both the construction loan and the permanent loan were insured by the Secretary of Housing and Urban Development under that Act. International Paper Company supplied materials which were used in the construction of the project. The Whitsons were unable to complete the project and eventually abandoned it. At that point in time the Whitsons owed International Paper in excess of $132,000 for materials furnished and not paid for. Subsequently, the money lender called upon the Secretary of HUD to honor the mortgage insurance commitment, which the Secretary did, and in connection therewith the note and mortgage given the lender by the Whitsons was assigned to the Secretary.

In this general setting International Paper brought suit against the Whitsons, HUD, and others, in an Oklahoma state court, seeking, *inter alia,* money judgments against the Whitsons and HUD and foreclosure of its materialmen's lien. The action was then removed by HUD to the United States District Court for the Western District of Oklahoma. HUD filed an answer denying liability and alleging that its mortgage lien was superior to International Paper's materialmen's lien. By a cross-claim HUD sought judgment against the Whitsons and foreclosure of its mortgage lien upon the Whitsons' property.

Trial of the case was to the court. Judgment was entered in favor of International Paper against the Whitsons in an amount of $132,629. However, International Paper's claim against HUD was denied. By this same judgment HUD's lien was declared to be superior to that of International Paper. Judgment was also entered in favor of the United States against the Whitsons in the amount of $809,534.14, plus interest in the amount of $36,833.86, and foreclosure was ordered.

From the judgment thus entered International Paper appealed that part of the judgment which disallowed its claim against HUD. In this connection it was International Paper's theory that it was a third party beneficiary under certain agreements between HUD, the several money lenders, and the Whitsons, and that as a third party beneficiary it had a money claim directly against HUD. On appeal, we agreed with International Paper, reversing the judgment of the trial court and remanding with directions to enter judgment in favor of International Paper against HUD. *International Paper Co. v. Whitson,* 571 F.2d 1133 (10th Cir. 1977).

In the meantime, HUD foreclosed and the Whitson property was sold for $675,000, leaving a substantial deficiency on the judgment earlier entered in favor of HUD against the Whitsons. However, the United States did not thereafter file a motion for a deficiency judgment against the Whitsons. Later, the Whitsons filed a "Motion to Vacate and Set Aside Deficiency Judgment" on the ground that the United States had not moved for a deficiency judgment within 90 days of the foreclosure sale as provided for by Oklahoma statute, 12 Okl. Stat. § 686. That statute is attached to this opinion as an appendix.

By its judgment and order the trial court refused to vacate the judgment previously entered in favor of HUD and against the Whitsons. However, at the same time, the trial court went on to hold that because the United States had failed to move for a deficiency judgment within 90 days after the foreclosure sale as provided by 12 Okl. Stat. § 686, the earlier judgment "has been paid and satisfied by operation of law." Thus the trial court's order effectively precluded HUD from seeking satisfaction from the Whitsons for the difference between the earlier judgment (including both pre-judgment and post-judgment interest) and the lesser amount realized in the foreclosure sale. HUD now appeals that order.

■ The judgment here complained of was entered when the earlier appeal was pending in this Court. Because of the pendency of that appeal, the United States initially argues that the trial court in the instant case was without jurisdiction to enter the order in question. We disagree.

■ The general rule is that the timely filing of a notice of appeal divests the trial court of jurisdiction. There are, however, exceptions to that rule. The general rule, as well as certain exceptions thereto, is set forth in 9 Moore's Federal Practice ¶ 203.11 at 734 as follows:

The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals *with respect to any matters involved in the appeal.* It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure or Rule 36 of the Federal Rules of Criminal Procedure, or *in aid of*

*execution of a judgment* that has not been superseded, until the district court receives the mandate of the court of appeals. (Emphasis added.)

The earlier appeal concerned International Paper's claim against HUD. It did not concern the cross-claim of HUD against the Whitsons. Hence the judgment which was entered in favor of HUD on its cross-claim against its co-defendant, the Whitsons, was not involved in the appeal by International Paper. See *Compania Espanolo de Pet., S.A. v. Nereus Ship.*, 527 F.2d 966, 972–73 (2d Cir. 1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976). Additionally, if the first appeal by International Paper did somehow involve, or affect, the judgment in favor of HUD on its cross-claim against the Whitsons, such would not preclude proceedings in aid of execution on the judgment, in the absence of a supersedeas bond. See in this general regard *Orchard v. Hughes*, 1 Wall. 73, 68 U.S. 73, 17 L.Ed. 560 (1863); *Sirloin Room, Inc. v. American Employers Ins. Co.*, 360 F.2d 160 (5th Cir. 1966); *Sabin v. Home Owners Loan Corp.*, 147 F.2d 653 (10th Cir. 1945), *cert. denied,* 326 U.S. 759, 66 S.Ct. 96, 90 L.Ed. 456 (1945); and *Benitez v. Bank of Nova Scotia*, 125 F.2d 519 (1st Cir. 1942). There was no supersedeas bond filed in the first appeal. It is on this basis that we conclude that the trial court had jurisdiction to enter the order which is the subject of this appeal.

The principal issue raised in this appeal is whether the Secretary is subject to the provisions of 12 Okl.Stat. § 686 relating to the entry of a deficiency judgment in a foreclosure proceeding. In this general connection Fed.R.Civ.P. 69(a) requires compliance with state practice and procedure with respect to "procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution . . . ." This rule is said to be generally applicable to the United States. 7 Pt. 2 Moore's Federal Practice ¶ 69.04[3], citing *Fink v. O'Neill*, 106 U.S. 272, 1 S.Ct. 325, 27 L.Ed. 196 (1882).

This Circuit has previously held in analogous situations that various agencies of the United States are subject to 12 Okl. Stat. § 686. Thus, in *Reconstruction Finance Corp. v. Breeding*, 211 F.2d 385 (10th Cir. 1954) we held that the Reconstruction Finance Corporation was subject to the provisions of 12 Okl.Stat. § 686 concerning the obtaining of a deficiency judgment. *In United States v. Inciardi*, 258 F.Supp. 837 (W.D.Okl.1966), the trial court held that the Small Business Administration was subject to the provisions of 12 Okl.Stat. § 686 concerning the manner of computing the amount of a deficiency judgment. On appeal, we summarily affirmed by order on the basis of *Breeding*. *United States v. Inciardi*, No. 9502 (10th Cir. Aug. 3, 1967).

We recognize that there is authority to the contrary on this matter. See *United States v. Merrick Sponsor Corp.*, 421 F.2d 1076 (2d Cir. 1970). However, we believe our disposition of the present controversy to be in line with the rule in this Circuit. Furthermore, we believe our disposition of the present controversy to be in accord with the rationale of our earlier opinion in *International Paper Company v. Whitson*, 571 F.2d 1133 (1977), where we held that in determining whether International Paper, the unpaid materialman, was a third party beneficiary under certain construction loan contracts where the mortgage on the apartment house complex was insured by and assigned to HUD, reference should be made to state law.

The United States also contends that the 90-day requirement of 12 Okl.Stat. § 686 is a statute of limitations, and hence inapplicable against the United States and its agencies. In *Ingerton v. First National Bank & Trust Co. of Tulsa*, 291 F.2d 662 (10th Cir. 1961), we held that the 90-day provision of 12 Okl.Stat. § 686 was not a statute of limitations, but an extinguishment statute. See *Apache Lanes, Inc. v. National Educators Life Ins. Co.*, 529 P.2d 984 (Okl.1975). In *Ingerton* we also generally reaffirmed the rule of *Breeding*, though recognizing that there was contrary authority.

Judgment affirmed.

APPENDIX

* * * Notwithstanding the above provisions no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this Act after the mortgaged property shall have been sold, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.