**Ronald D. SHEVLIN, Hester E. Tyler, and Glyn Ramage, Delegates to the Twelve Counties, Southwestern Illinois District Council of Laborers' International Union of North America, AFL–CIO, Plaintiffs-Appellees,**

**and**

**Southern Illinois Builders Association, Intervening Plaintiff-Appellant,**

**v.**

**Hugo SCHEWE, Business Manager of the Southwestern Illinois District Council of Laborers' International Union of North America, AFL–CIO, and Wilbur Freitag, Trustee, Defendants-Appellees.**

**No. 86–1212.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 24, 1986.[*]

Decided Jan. 15, 1987.

---

**\*** Although oral argument was originally scheduled for September 24, 1986, the parties waived oral argument and, accordingly, the appeal is submitted on the briefs and record.

Robert E. Becker, Kassley, Bone, Becker, Dix & Tillery, P.C., Belleville, Ill., for plaintiffs-appellees.

Theordore T. Green, Labor's Intern. Union—905, Washington, D.C.

Before WOOD, COFFEY, and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

These three consolidated cases involve the same controversy. Plaintiffs represent three local unions in the East St. Louis, Illinois area affiliated with the Laborers' International Union of North America. The defendants are representatives of a local intermediary labor body with which the locals are also affiliated, Twelve Counties Southwestern Illinois District Council. Plaintiffs claim defendants, representing the Council, have no right to engage in collective bargaining on their behalf as local unions. The central issue was who under the Laborers' International Union Constitution had the right to engage in collective bargaining for these particular local union plaintiffs. Plaintiffs contended that they were free to negotiate on their own, but defendants claimed that the District Council had the duty to bargain for all local unions, including the locals represented by plaintiffs in seeking a single district-wide collective bargaining agreement.

The procedural background is related only to the extent it is pertinent. On August 13, 1984 the district court preliminarily enjoined any bargaining efforts by District Council officer defendant Schewe on

behalf of laborers within the area of two of plaintiffs' locals. Following quickly on August 15, 1984, the International imposed a trusteeship on the District Council and named one of the defendants, Freitag, as trustee. The trustee then undertook to continue district-wide bargaining with the Southern Illinois Builders Association (SIBA), a trade association of various building and construction contractors doing business in the local twelve-county area covered by the District Council. This bargaining effort was favored by both the District Council and SIBA. A district-wide collective bargaining agreement was subsequently reached on September 7, 1984, and its enforcement thereafter was preliminarily enjoined on September 14, 1984 by the district court. That preliminary injunction was appealed and argued in this court, but before a decision was reached plaintiffs and defendants advised this court of settlement attempts. After settlement was reached that pending appeal was dismissed by this court with prejudice.

That adverse preliminary injunction prompted SIBA to seek to intervene on November 29 and intervention was allowed on December 21, 1984. On December 17, 1985 plaintiffs and defendants moved to dismiss the action as settled. That motion was allowed on January 3, 1986 and was followed by the entry of an order of dismissal on January 24, 1986 over intervenor SIBA's objections. Intervenor SIBA filed a timely notice of appeal. The resulting question is whether there should be a lawsuit left for the benefit of intervenor SIBA which is dissatisfied with the settlement reached between plaintiffs and defendants.[1] We think not, and affirm.

The thrust of local union plaintiffs' lawsuit was to seek a declaration, enforced by injunction, that their particular local unions had the authority to negotiate collective bargaining agreements with contractors in their own behalf for their own members. Plaintiffs also asked the court to find that the District Council with which they were affiliated had acted contrary to the local authority and had exceeded its own authority in purporting to negotiate a superseding collective bargaining agreement with intervenor for plaintiffs' members. It was at that point still an internal labor union dispute. Intervenor SIBA sought to support the validity of the collective bargaining agreement it had since negotiated with the District Council, and SIBA now is dissatisfied with the settlement reached between the locals and the District Council. Intervenor SIBA's objection is that the settlement lacks specific declaratory relief validating the collective bargaining agreement already entered into with the Council. What specific relief SIBA expected and how it was to be achieved is difficult to discern from its pleadings. Intervenor SIBA filed no claim, cross-claim, or counterclaim either when it intervened or later although there was time to do so after it intervened. In its memorandum in support of its motion to intervene, SIBA emphasized the great importance of a stable working relationship for the contracting industry which an overall collective bargaining agreement provides. Intervenor SIBA also stated that its immediate interest was in maintaining its collective bargaining agreement with the District Council. Beyond that SIBA claimed in its memorandum that broader economic issues, such as industrial stability and timely completion of construction work, supported the existing agreement. Even though SIBA admitted in its memorandum some common interest with the District Council in defending the

---

**1.** The settlement between plaintiffs and defendants in relevant part provided as follows:

(1) All existing building and heavy and masonry agreements executed by the Southwestern Illinois Laborers' District Council, Laborers' Local Union 100, Laborers' Local Union 397, and Laborers' Local Union 670, are acknowledged as fully binding upon the parties signatory to each. Each of the union bodies acknowledges their collective and individual rights to organize and sign contractors not now signatory to any collective bargaining agreement, to building and heavy or masonry agreements now in effect.

. . . .

(4) The plaintiffs agree to move for a dismissal of the Court's September 14, 1984 preliminary injunction [enjoining implementation of the SIBA–District Council Agreement in the areas of the three local unions represented by plaintiffs].

existing collective bargaining agreement, SIBA argued that it could not be assured that the District Council would represent all of SIBA's interests.

All the district court had before it was SIBA's motion to intervene accompanied by a supporting memorandum, and a subsequent memorandum opposing the settlement and dismissal. Lawsuits cannot be tried merely on memoranda.

Federal Rule of Civil Procedure 24(c) is unambiguous in defining the procedure for an intervenor. It requires that the motion to intervene shall be "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Intervenor SIBA not only failed to file any pleading on a timely basis as required by the rule, but we find nothing in the record suggesting that SIBA at any time offered the requisite pleading.

■ Intervenor SIBA cites *Spring Construction Co. v. Harris*, 614 F.2d 374 (4th Cir.1980), and several district court decisions in arguing that this statutory intervention provision should be liberally construed when there could be no prejudice to the other parties. *Spring Construction* gives no basis for reversing the district court. In that case it is true that intervenor did not comply with the rule by filing its pleading with its motion to intervene, but the failure was rectified when the necessary pleading was filed shortly thereafter. We do not advocate a strict interpretation of the rule in all circumstances any more than does the Fourth Circuit in *Spring Construction*, but that does not mean that intervenors may totally ignore the rule, particularly where the original parties in the meantime work out a settlement to their lawsuit.

■ In 3B Moore's Federal Practice ¶ 24.04 (2d ed. 1985) the authors give examples of the leniency available under the rule. The motion to intervene technically may not just "adopt" the pleadings of an original party, nor may it merely describe a future pleading, but a court may permit such motions in some cases if no prejudice results. There is no reason in the present case, however, not to require the inter-

venor to submit within a reasonable time a well-pleaded claim or defense. Intervenor SIBA did not endeavor to adopt the previously filed pleadings of the Council, with whom it had a common interest at least to some extent, but instead argued that neither party could fully represent its interests.

The settlement language itself is not without some ambiguity. The District Council argues that the local unions conceded the essential point of the litigation by acknowledging the District Council's authority to enter into collective bargaining agreements on behalf of its affiliated local unions, although the settlement provides that all agreements signed by the locals and the District Council are to be given effect. If that be so, at least to that limited extent, SIBA may have gotten some part of the result it desired, but we need not interpret the settlement agreement or consider its merits. Intervenor SIBA apparently wanted the court to order an explicit declaration that in the future a single collective bargaining agreement applying common terms to all local unions within the jurisdiction of the District Council would be required as a matter of law. Intervenor expected too much in these circumstances even if its request had been well pleaded. That problem can only be an issue for further collective bargaining between the parties.

■ Intervenor also argues that the interlocutory appeal from the preliminary injunction which was pending in this court at the time of settlement divested the trial court of jurisdiction to dismiss the case as settled, citing *International Paper Co. v. Whitson*, 595 F.2d 559, 561 (10th Cir.1979). *International Paper* states the general rule that a timely notice of appeal divests the trial court of jurisdiction although it applied one of the exceptions. The interlocutory appeal which existed in this case involved only a limited issue leaving the case itself still pending on its merits in the district court. *International Paper* does not hold that the notice of appeal extinguishes the rights of the parties properly before the court to settle their lawsuit. The district court retains the authority to

dismiss the case as settled, thereby bringing to an end any pending interlocutory appeal. The exception is plainly stated in 9 Moore's Federal Practice ¶ 203.11 (2d ed. 1986) (footnote omitted):

But where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal. Thus an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits.

If the district court still had jurisdiction to proceed with the case on its merits without interfering with the issues involved in the interlocutory appeal, it also had jurisdiction to recognize that the parties had resolved the case between themselves.

If intervenor SIBA has remaining problems now that this case has been settled between the original parties, it will have to resolve those problems elsewhere by other means than this case.

AFFIRMED.