**Robert B. McKERSIE, et al., Plaintiffs,**

v.

**IU INTERNATIONAL, et al.,
Defendants.**

and

**P–I–E Nationwide, Inc.,
Nominal Defendant.**

**No. 86 C 1683.**

United States District Court,
N.D. Illinois, E.D.

Feb. 23, 1988.

Marshall Patner, Chicago, Ill., for plaintiffs.

Jerold S. Solovy/Gail A. Niemann (IU International), Jenner & Block, Robert F. Klimek/Warren G. Fox (RPN, Masitron), Klimek & Richiardi, James K. Gardner, Neal Gerber & Eisenberg, Michael C. Cook/Steven R. Smith (PIE), Peterson Ross Schloerb & Seidel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Intervening plaintiffs Penny Linton, William Arnold and Connie Pizello ("Inter-venors") seek to file an "amended complaint" in this class action that has been pending since March 11, 1986. Intervenors downplay the substantive significance of the proposed "amended complaint" because it supposedly only seeks damages in addition to the injunctive relief already sought. However, as the "amended complaint" admits, it raises new factual questions as to the amount of damages each of the 8,000 plus union members has sustained. It also seeks to add additional parties.

Intervenors originally filed a motion to intervene under Fed.R.Civ.P. 24(a) or alternatively under Rule 24(b) on April 21, 1986. By this Court's order of April 23, 1987, with consent of all parties including the Intervenors, we granted Intervenors the right to intervene pursuant to Rule 24(b), that is, as permissive intervenors. The Intervenors were *not* granted the right to intervene under Fed.R.Civ.P. 23(d)(2) in order to represent a class. Nor did the Intervenors attempt to do so in their April 21, 1986 motion. Now, almost two years after the complaint was filed and after the parties have reached a settlement in this action, Intervenors attempt to file a purported "amended complaint." First, they rely on Fed.R.Civ.P. 15(a) to file as a matter of course an amended complaint because no responsive pleading has been filed. Alternatively, they request leave of Court to file the amended complaint. For the reasons stated below, we find they have no right under Rule 15(a) to file an amended complaint as a matter of course, and we deny their alternative motion for leave to amend, and we stay the motion for leave to add additional parties.

■ Initially, we consider Intervenors' claim that they are entitled to file an amended complaint as a matter of course. Rule 15 provides the following:

A party may amend the *party's* pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calen-

dar, the party may so amend it at any time within 20 days after it is served. Fed.R.Civ.P. 15(a) (emphasis added). The problem we have with Intervenors' claim as a matter of course to amend is that Intervenors do not attempt to amend *their* pleading, having never filed a pleading as required under Fed.R.Civ.P. 24(c), but rather, they attempt to amend the *McKersie* plaintiffs' pleading upon which they relied in their motion to intervene. Accordingly, we hold that Intervenors have no right as a matter of course to amend their pleading under Fed.R.Civ.P. 15(a) because they have no pleading to amend. *Cf. Shevlin v. Schewe*, 809 F.2d 447 (7th Cir.1987) (forbidding an intervenor who never filed a pleading to maintain additional claims after the original parties have settled).

■ Alternatively, Intervenors seek leave of court to file this purported amended complaint. As discussed above, however, this is not truly an amended complaint, but rather, Intervenors' first pleading. Leaving for the moment the attempt to add additional defendants, because Intervenors have conceded that they are only entitled to intervene permissively in this action, *see* Order of April 23, 1987, the decision whether to allow intervenors the right to assert additional claims against the defendant is left to the sound discretion of the court. 7 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 1921 at 500–02 (1986). Based on the circumstances of this case, we decline to exercise our discretion to allow these additional claims. We do so for a number of reasons. First and foremost, we decline to grant leave to add the new claims because the parties have reached a settlement and Intervenors themselves are signatories to that agreement. On April 23, 1987, this Court gave preliminary approval to the settlement and ordered that all parties to the settlement agreement not commence any actions which could have been asserted arising from or relating to any of the matters or transactions referred to in the pleadings or in the agreement. (Order of April 23, 1987, ¶ 11(a)). This was an order

which we entered with the consent of the parties. The Intervenors claim this only enjoins actions outside of this action. This interpretation, however, ignores the words "or prosecutes." The inclusion of "or prosecute" makes it clear that, should new claims be added to this case, Intervenors have agreed not to prosecute those claims pending final determination of whether the agreement is approved. Accordingly, we find that Intervenors have consented not to bring these additional claims at this time. Secondly, the justification Intervenors raise for their amended complaint is that they are facing a statute of limitations as to the new parties. This, of course, does not justify the new claims for monetary relief against the currently named defendants. Intervenors have already reached a settlement on the pending claims, and they present no authority under Florida law[1] for allowing them to back out of that settlement now. It is still possible, as the Intervenors speculate, that this Court may find the settlement is not fair, and we may decline to approve it. It is also possible that IU International may invoke paragraph 7(f) of the settlement agreement once it is determined whether or not more than 5% of the class have opted out. In that situation, the Court may well be forced to find the settlement is no longer fair. If and when these things occur, then we would be willing to consider a motion to amend the complaint filed by the class representatives.

■ Finally, we deny the request for leave to amend on the basis that it is actually a motion to intervene and represent a subclass of plaintiffs pursuant to Fed.R. Civ.P. 23(d)(2). Intervention under Fed.R. Civ.P. 23(d)(2) is "for the protection of the members of the class or otherwise for the fair conduct of the action." Rule 23(d)(2). To explain why Intervenors must be named class representatives at this stage, Intervenors state that they are union members, that 75% of the class are union members and that none of the *McKersie* plaintiffs are union members. This is true. This was also true when the Intervenors moved

---

1. The settlement agreement provides that Florida law will govern its interpretation. ¶ 14.

to intervene under Rule 24(a) or (b) instead of 23(d)(2) in April 1986. This was also true when the Intervenors agreed to the settlement and the agreed order of April 23, 1987, and we appointed the *McKersie* plaintiffs as class representatives.[2] The Intervenors give no explanation for why the *McKersie* plaintiffs are now suddenly inadequate class representatives. Accordingly, we also reject the purported amended complaint on the grounds that it is an unsupported motion to intervene as class representatives under Fed.R.Civ.P. 23(d)(2). The Intervenors agreed to the adequacy of the *McKersie* plaintiffs as class representatives in our April 23, 1987 order, and we will not reconsider that order without any indication of why the *McKersie* plaintiffs are no longer adequate to represent the union members.

 Finally, Intervenors concede that, regardless of their right to file an amended complaint, they must file a motion for leave to add new parties under Fed.R.Civ.P. 21. The Intervenors contend that they "only wish to preserve their rights should this case proceed to trial." Because the parties to this lawsuit have reached a settlement agreement that is awaiting only a fairness hearing which is to be scheduled promptly with our resolution of all pending motions, we stay the motion for leave to add the additional parties. If and when it becomes evident that this case is headed for trial, we will then consider Intervenors' December 31, 1987 motion for leave to add additional parties.

---

In conclusion, we find that Intervenors have no right to file an amended complaint as a course pursuant to Fed.R.Civ.P. 15(a). We also deny their motion for leave to add additional claims as intervenors, and because we find that it is really an unsup-

ported motion to intervene as class representatives under Fed.R.Civ.P. 23(d)(2), we also deny it on that basis. Finally, we stay Intervenors' December 31, 1987 motion to add additional parties pending the resolution of the fairness hearing and settlement. It is so ordered.

---

2. Although our order of April 23, 1987, is at times ambiguous as to whether Intervenors are also to be class representatives, it is clear we did not approve their intervention under Rule 23(d)(2), but rather, under Rule 24(b). Accordingly, to clear up the confusion, we vacate that portion of paragraph two which refers to "intervening plaintiffs." We note that the fact that Intervenors are not class representatives is also the position Intervenors and the *McKersie* plaintiffs have taken with regard to discovery requests. *See* Affidavit of Brian E. Moran dated December 4, 1987 (submitted as Exhibit A to the *Russell* Plaintiffs' Memorandum in Opposition to the *McKersie* Plaintiffs' Motion for a Protective Order at ¶ 12).