**In re CROTON RIVER CLUB, INC., Debtor.**

**Bankruptcy No. 91 B 20215 (HS).**

United States Bankruptcy Court, S.D. New York.

Feb. 10, 1994.

Barbara Balaber–Strauss, P.C., White Plains, NY, for trustee.

Peter H. McCallion, Garrison, NY, for River Club Partnership.

Pryor, Cashman, Sherman & Flynn, New York City, for F.D.I.C.

*DECISION ON TRUSTEE'S MOTION TO EXPUNGE CLAIM # 82 FILED BY THE RIVER CLUB PARTNERSHIP*

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy of the Croton River Club, Inc., a debtor which was converted from Chapter 11 of the Bankruptcy Code to Chapter 7, objects to the secured claim in the amount of $225,138.00 filed by the River Club Partnership ("River Club") with respect to two fifty foot condominium slips which River Club claims it was entitled to pursuant to a written contract with the debtor ("the Agreement"). The trustee contends that not only is the alleged "floating lien" on the two condominium slips not secured, but more importantly, that the condition precedent to the debtor's obligation under the Agreement, namely the marina's sale as a condominium, never occurred and thus the River Club does

not even have an unsecured claim based on the Agreement.

The FDIC, as successor in interest to Eliot Bank, supports the trustee's motion and additionally asserts that since it holds a first mortgage on the debtor's property which cannot be satisfied in full, the River Club, a junior creditor, has no equity in the property and thus, by definition, holds no secured claim. Further, the FDIC joins the trustee in bankruptcy in objecting to River Club's claim as unsecured.

In addition to arguing in favor of its claim, River Club contends that this Court lacks jurisdiction to hear the trustee's objection to its claim due to River Club's filing of an appeal to the United States District Court for the Southern District of New York. The appeal filed concerned this Court's earlier order entered November 24, 1993, approving the trustee's sale of the debtor's remaining property, a marina and a restaurant parcel, free and clear of all liens and claims with such liens and claims to attach to the sale proceeds. This Court's order dated October 22, 1993, provided that the force and effect of any such liens and claims shall be determined in subsequent proceedings in the bankruptcy court. 162 B.R. 648.

### FACTUAL BACKGROUND

On February 14, 1991, the debtor filed with this Court a petition for reorganizational relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101 *et seq.* On May 12, 1993, the debtor's case was converted for liquidation under Chapter 7 of the Bankruptcy Code and a Chapter 7 trustee was duly appointed. 11 U.S.C. §§ 1112 & 701.

The debtor was a New York corporation that owned real estate in the town of Croton-on-Hudson for the development of residential units, an adjoining boat marina, and land dedicated to the construction of a waterfront restaurant. The development was never completed because the debtor ran into financial difficulties. It sold off the residential units which had been constructed which left the marina development and the restaurant parcel remaining. The Chapter 7 trustee is in the process of liquidating the debtor's remaining assets.

Pursuant to an offer dated August 26, 1986, and a written acceptance dated September 10, 1986, River Club agreed to sell the debtor five percent of its equity in the project in exchange for payment of $150,-000.00 and a conditional interest in two of the debtor's fifty foot condominium marina slips. River Club promptly received the $150,000.00 and consequently there is no dispute as to this aspect of the transaction. The Agreement's additional provision for the conveyance of the two fifty foot condominium marina slips, however, is the basis for the controversy presently before this Court. The pertinent portion of the Agreement reads as follows:

> As *additional consideration for the sale* of the Interest, Croton River Club, Inc. will deliver to the River Club Partnership or its designees, without cost to the River Club Partnership, title to two 50 foot condominium slips (the "S1") in the marina to be developed on the Property; *if, as and when such marina is created, developed, built and submitted to condominium ownership.* Upon the conveyance of the Slips, the River Club Partnership shall have the same rights, duties and obligations as owners of other condominium slips pursuant to declarations, rules and regulations governing the ownership and maintenance of the slips. *Title to the Slips will be conveyed to the River Club Partnership upon conveyance of the first slips conveyed to other owners.*

*Motion for an Order Expunging Amended Claim # 82,* Ex. A at 5, *filed* Jan. 5, 1994 (emphasis added).

Although River Club promptly recorded the Agreement in the Westchester County Clerk's Office on July 15, 1988, the conditions under which the two 50 foot slips were to be conveyed to River Club never transpired. The debtor ran into financial difficulties and the offering plans which were filed by the debtor in compliance with New York State General Business Law § 352–e at the New York State Attorney General's Office expired under their own terms and were never renewed. As a result, Phase II of the marina

was never developed and the debtor never conveyed any slips as condominium units. Instead, the slips remained as rental slips throughout the bankruptcy proceeding.

Pursuant to the order of this Court dated October 22, 1993, the Chapter 7 trustee conducted an auction of the debtor's assets. During the auction, River Club made an offer in which it attempted to offset the value of its alleged security interest in the marina slips against the proposed purchase price, pursuant to 11 U.S.C. § 363(k)[1]. The trustee rejected River Club's offer. On December 6, 1993, River Club filed a Notice of Appeal in the clerk's office of the bankruptcy court. The Notice of Appeal was from this Court's order entered November 24, 1993, confirming the trustee's auction sale of the marina parcel to another bidder at the auction.

## DISCUSSION

### JURISDICTION

■ There is no question that a bankruptcy court is specifically empowered to hear disputes as to the allowance or disallowance of claims against the estate pursuant to 28 U.S.C. § 157(b)(2)(B). The order dated October 22, 1993, which authorized the trustee to conduct an auction sale of the debtor's property provided for a sale free and clear of all liens and claims, with such liens and claims attaching to the sale proceeds. The order also provided that the force and effect, if any, of any such liens and claims shall be determined in subsequent proceedings before this Court.

River Club's appeal of this Court's order approving the trustee's sale is not an appeal from an order of this Court passing upon the validity or invalidity of River Club's claim. Accordingly, River Club's reliance on *International Paper Co. v. Whitson*, 595 F.2d 559 (10th Cir.1979), which holds that an appeal from a lower court's order prohibits the lower court from hearing further matters concerning such order, is misplaced. As the efficacy of the River Club's claim against the

debtor was not previously addressed by this Court, no appeal as to this matter, by definition, could have been taken to the district court.

### THE CLAIM

■ For the purpose of this motion, it matters not whether River Club's claim to an equitable interest in real property as a result of its contract with the debtor is deemed secured or unsecured. The primary issue is whether or not River Club holds a valid claim against the debtor for the right to receive two 50 foot condominium marina slips.

The contract between the parties specifically provided that such a right was conditioned on the marina being created, developed, built and submitted to condominium ownership. Manifestly, such a contractual requirement operates as a condition precedent. "A condition precedent is an act or event which must exist or occur before a duty of immediate performance of a promise arises." *In re Georg Jensen, Inc.*, 1 B.R. 239, 245 (Bankr.S.D.N.Y.1979) (citing *Internatio–Rotterdam, Inc. v. River Brand Rice Mills, Inc.*, 259 F.2d 137 (2d Cir.1958), *cert. denied*, 358 U.S. 946, 79 S.Ct. 352, 3 L.Ed.2d 352 (1959)).

A second condition precedent expressed in the contract provided that conveyance of title in the slips would arise only upon the conveyance of the first slip to other owners. These specifically stated conditions precedent never occurred due to the debtor's insolvency. Indeed, the conditional nature of the slip transfer is highlighted by the Agreement's language, to wit, the right of the River Club to the two marina slips arises "if, as and when" the condition precedent is fulfilled.

■ Accordingly, since the marina was never owned as a condominium and no slips were ever conveyed to condominium owners, it follows that the debtor's obligation to convey the two marina slips to River Club was discharged. *See e.g., In re Georg Jensen,*

---

1. 11 U.S.C. § 363(k) provides:
   (k) At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such

claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

*Inc.,* 1 B.R. 239, 245 (Bankr.S.D.N.Y.1979). The debtor cannot be faulted for failing to accomplish these conditions or for failing to use its best efforts, when the event which prevented the satisfaction of these conditions was the debtor's insolvency and need for bankruptcy relief. Indeed, if this Court were to find otherwise it would be enforcing an *ipso facto* clause which is proscribed by 11 U.S.C. § 365(e)(1). The debtor's failure to transform the marina into condominium ownership was not an effort to avoid having to transfer the two marina slips to River Club. Consequently, the trustee's motion to expunge River Club's claim for $225,138.00 is granted.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The Chapter 7 trustee's motion to expunge the claim of River Club in the sum of $225,138.00 is granted.

SETTLE ORDER ON NOTICE.